18335

Anna Hart CHEATHAM, Respondent, v. Miles Whitfield CHEATHAM, Jr., Appellant

(141 S. E. (2d) 813)

*Messrs. Frank L. Taylor* and *Kermit S. King,* of Columbia, *for Appellant,*

*Harvey L. Golden, Esq.,* of Columbia, *for Respondent,*

April 19, 1965.

BRAILSFORD, Justice.

This interspousal action for separate support and maintenance and for child custody was brought by the wife in the County Court for Richland County and was referred to the master for said county. The court, adopting the report of the master except as hereafter noted, adjudged that the *parties* "are entitled to a legal separation *a mensa et thoro";* and that the husband should have custody of the children, two boys, now eleven and fifteen years of age. It was also adjudged that the husband should pay to the wife $60.00 per week for her support and $350.00 as compensation for her attorneys. This appeal by the husband challenges only the

amounts awarded by the court for support and attorney's fees, which exceed the amounts recommended by the master for these purposes, *i. e.*, $160.00 per month for support and $150.00 for attorney's fees.

This limitation of the scope of the appeal is consistent with the answer, by which the husband, in effect, joined in his wife's plea for a legal separation—charging, however, that it was her misconduct which made further cohabitation impossible—and signified his willingness, in that event, "to provide reasonable support" for her. Inferentially because of this tenor of the pleading, the master made no findings on the sharply contested and otherwise critical issue of whose fault brought about the estrangement. Instead, after summarizing the charges made by each spouse against the other, he reported that they were irreconcilable, and, therefore, "entitled to a legal separation *a mensa et thoro.*" Neither the husband nor wife excepted to the failure of the master to make such findings, or to his conclusion that the husband should be required to provide for the support and maintenance of the wife. The only presently pertinent issue which was presented to the court by exceptions to the report was the wife's challenge to the adequacy of the recommended awards. In all other respects the report, which fastened upon the husband liability for the support and maintenance of the wife, became the law of the case.

The husband's exceptions on this appeal all charge that the court erred in failing to adopt the recommendations of the master as to the amounts to be awarded for alimony or for suit money and in ordering the husband to pay larger sums for these purposes than those recommended. Likewise, appellant's brief states the questions involved on the appeal to be whether the court erred in failing to adopt the master's recommendations as to the amounts to be awarded as alimony and as attorney's fee.

The master made no findings of fact bearing upon the amounts which reasonably should be awarded for these pur-

poses. In fact, he made no reference to the testimony relating to the husband's ability to pay, the standard of living to which the parties were accustomed or the wife's lack of resources or income. He simply made the recommendation, unsupported by any finding from or discussion of the evidence, that alimony be fixed at $160.00 per month and that $150.00 be paid to the wife's attorney for his services "until the final adjudication of the within action."

There is no fixed standard by which the amounts to be allowed an estranged wife for her support and maintenance and for suit money may be measured. When the wife is entitled to such allowances, the amounts, of necessity, must be left to the sound discretion of the chancellor, and, as in the case of judgments resting upon the exercise of discretion generally, a considerable latitude will be allowed on appeal. *Sadler v. Sadler,* 115 S. C. 217, 105 S. E. 285; *Murdock v. Murdock,* 243 S. C. 218, 133 S. E. (2d) 323; 27A C. J. S. Divorce § 232; 42 C. J. S. Husband and Wife § 624. "The question of the amount, if permanent alimony is allowed, under the facts as disclosed by the evidence, is for the determination of the trial judge in the exercise of a wise and just judgment." *Hornsby v. Hornsby,* 187 S. C. 463, 198 S. E. 29, 32. "In determining on review whether the trial court abused its discretion in making an order as to alimony, counsel fees, and expenses, the question is not what the appellate court would have done had the question been presented to it in the first instance, since a reviewing court ordinarily will not substitute its judgment for that of the trial court, and a reviewing court will not disturb an order of the trial court as to alimony where the order does not appear to be unreasonable or prejudicial in the light of the evidence shown by the record." 27B C. J. S. Divorce § 288(3).

In an equity case, the court is the judge of both the facts and the law and reference of a cause to a master is for the chancellor's assistance and enlightenment. Findings and recommendations of a master or referee

do not relieve the chancellor of his responsibility to decide from the entire record, by his own judgment, any issues presented to him by exceptions to the report. See *Baylor v. Bath,* 189 S. C. 269, 1 S. E. (2d) 139, which reaffirmed this principle after some confusion thereabout had resulted from the opinion in *Mitchum v. Mitchum,* 183 S. C. 75, 190 S. E. 104.

As stated in *Thorpe v. Thorpe,* 12 S. C. 154, "(T)he judge, in the exercise of his chancery powers, is obliged to determine by his judgment or decree all questions of fact as well as of law * * *. The judge is not bound by the finding of a referee * * * but is merely aided in arriving at the conclusion on which his judgment must rest. The action cannot be determined except by a judgment of the court in the exercise of its equity power, and that judgment can only be rendered by a judge of that court."

*A fortiori,* the recommendations of a master do not relieve the chancellor of the imperative duty to exercise his own judgment, based upon the entire record, including the contested recommendations, in making decisions which rest in the discretion of the court.

These pronouncements do not trench upon the settled rule that, in the absence of appropriate exceptions, the findings and recommendations of a master or referee are conclusive upon the parties as the law of the case.

As indicated above, the only question raised by the exceptions on this appeal is whether the court erred in failing to adopt the recommendations of the master as to the amounts awarded for alimony and attorney's fee. Since the determination of these amounts rested in the discretion of the court, the exceptions are without merit unless the conclusion of the court, that the sums recommended by the master were inadequate, is without reasonable support in the evidence.

At the time of the references, the husband and wife were respectively forty-six and thirty-eight years of age. They had

been married for fifteen years. The wife is a college and business course graduate. She was employed for about five months prior to her marriage, but has had no earnings or income since then. She owns no property or estate. She suffers from nervousness and, apparently, emotional instability. She has had psychiatric examinations and the master found that it is necessary for her "to take medication for her nervous system."

The husband was employed as a dentist by the Veterans Administration at the time of the marriage of the parties. Afterward, he entered private practice and, about 1959, qualified as a specialist in orthodontics. He has continued to practice general dentistry while engaging in the practice of this specialty, to which, by 1963, he devoted two days of each week.

According to figures prepared by his auditor, the husband's gross income from professional fees for the year 1962 was $40,129.92. No later figures were available at the references. After deducting operating expenses, the auditor arrived at a "taxable income" of $20,426.02 for 1962. According to this witness, other deductions, including income taxes, property and sales taxes, contributions and interest, left $12,-621.09, which the auditor testified was the balance available for personal use. This balance was also referred to as the husband's disposable income.

Prior to their separation, the parties lived on a scale commensurate with the husband's income. They occupied a home which had been purchased by him for $31,500.00; owned two automobiles, customarily employed a house servant and part-time yard boy; belonged to a fashionable country club; kept a horse for the older boy, presumably at a boarding stable; and engaged in boating on Lake Murray, where the husband and a friend own a modest recreation shelter and boat. The husband testified that he had saved very little money. However, it was admitted that he owned an interest in several valuable parcels of encumbered real estate and that his net worth was approximately $25,000.00.

The husband further testified that he was expending approximately $1,000.00 per month in payment of living expenses for himself and the two boys, including $160.00 per month for a full-time maid to take care of the house and children, and certain fixed charges. He listed the latter as house payments, $168.00; car payments, $110.00; office equipment payments, $76.00; life insurance premiums, $150-.00. It is clearly inferable from the figures in evidence that the first three of these items, on an annual basis, included interest of $1,546.56 for the year 1962, which was deducted by the auditor in arriving at the husband's disposable income. Of course, the amount invested monthly in life insurance premiums is a matter of choice and judgment, rather than of necessity. This also applies to contributions of $890-.00 and to several other deductions. The sum of these latter items and a deduction for sales taxes paid by the husband, alone, amounted to more than one-third of the entire alimony award. In addition, a depreciation item of $759.62, which was properly deducted for tax purposes, did not deplete disposable income to this extent.

Finally, payments of alimony under decree appealed from will be deductible by the husband for federal income tax purposes and taxable to the wife, Internal Revenue Code of 1954, Sections 71 and 215, an important consideration not taken into account in the figure adduced as the husband's disposable income.

We are satisfied from the evidence that the sum of $160.00 per month, recommended by the master as alimony, is entirely insufficient to meet the needs of the wife according to the parties' standard of living, and is not commensurate with the husband's ability to pay. Therefore, the court properly exercised its discretion in holding that this sum was inadequate and in ordering the payment of a greater sum. On the record before the county judge, he would not have been justified in denying this relief on the theory that the wife was capable of earning a substantial portion of her own support.

We are also convinced that the court properly exercised its discretion in requiring the payment of $350.00 to the wife's attorney, in addition to $100.00 paid during preliminary stages of the litigation. Consideration of the length and content of the record is convincing that the total sum allowed for representing the wife in the court below and in this court is fair and reasonable to the husband.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.