20831

Lillian C. BASS. Respondent, v. Marvelin I. BASS, Appellant.

(249 S. E. (2d) 905)

J. D. Todd, Jr., of *Leatherwood, Walker Todd & Mann,* Greenville, *for appellant.*

Sol E. Abrams, of *Abrams, Bowen, Robertson & Tapp,* Greenville, *for respondent.*

December 6, 1978.

LITTLEJOHN, Justice:

Lillian C. Bass (wife) instituted this action against her husband Marvelin I. Bass, for legal separation, support and maintenance for herself and her son, use of the family home, attorney fees, and other and further relief as the court deemed just and proper. In his answer the husband denied that the wife was entitled to any relief and asserted that in actuality she had abandoned him.

After a full hearing, Family Court Judge James W. Sparks held: (1) that the wife was not entitled to support, (2) that title to the family home and most furnishings should

remain in the husband's name, (3) that the wife and the child of the marriage be allowed to live there until the child (now 17) became 18 years of age, became emancipated, or left home, (4) that the husband should continue to make mortgage and utility payments on the home, pay $40.00 per week child support, and pay $1,200.00 attorney fees to the wife, (5) that the wife was entitled to $10,800.00 for "valuable services furnished to the husband in his business." Both parties appealed, each taking exception to virtually every finding of fact and conclusion of law made by the court and complaining of the amount of each award. The husband alleges "too much"; the wife contends "too little."

Findings of fact with respect to payment of wife and child support and with respect to the granting of custody and attorney fees are largely within the discretion of the trial court in both divorce actions and actions for legal separation. *Cheatham v. Cheatham*, 245 S. C. 579, 141 S. E. (2d) 813 (1965). There is substantial evidence in the record before us to support the judge's findings of fact on each of these points, and we cannot say as a matter of law that he abused his discretion. We also find no error in the judge's refusal to award the wife interest in the residence and furnishings. The evidence supporting the findings is clear. We unanimously conclude that a full written opinion on these issues would have no precedential value and, accordingly, we affirm those findings under our Rule 23.

The evidence shows that the husband operated a restaurant business in the town of Laurens and that the wife devoted time and effort and possibly some resources to that business. Because of her activity incident to its operation, the judge directed the husband to pay her the sum of $10,800.00 for "valuable services furnished the husband in his business." From this finding the husband has appealed. A review of the complaint shows that the wife did not assert a claim for compensation for her work and activities incident to the business operation. We hold that the

judge erred as a matter of law. The issue simply was not before the court, and it was erroneous to include such an award. Accordingly, we reverse. While it is true that pleadings in the family court must be liberally construed, this rule [1] cannot be stretched so as to permit the judge to award relief not contemplated by the pleadings. Due process requires that a litigant be placed on notice of the issues which the court is to consider.

In his order the judge held ". . . that the household goods and furnishings are generally the property of the Defendant. However, there are some items which belong to the Plaintiff, and the Plaintiff and the Defendant are directed, through their attorneys, to attempt an agreement as to the ownership of the various household furnishings." The case remains open before the family court for the purpose of settling any misunderstandings which may arise incident to this ruling, which we affirm.

The order of the lower court is affirmed except that portion which directs the payment of $10,800.00.

Affirmed in Part;

Reversed in Part.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.

---

[1] Formerly rule 8, now rule 12.