21098

Joe N. McWHIRTER, Appellant, v. CHEROKEE COUNTY SCHOOL
DISTRICT NO. 1, Respondent.

(261 S. E. (2d) 157)

*George H. Thomason* of *Thomason & French,* Spartanburg, *for appellant.*

*James R. Thompson* of *Saint-Amand, Thompson & Brown,* Gaffney, *for respondent.*

December 17, 1979.

NESS, Justice:

This appeal is from an order affirming appellant McWhirter's dismissal from employment by respondent Cherokee County School District No. 1. We affirm.

Appellant was hired to teach mathematics at Cherokee High School during the 1977-1978 school term. On November 11, 1977, the school's principal, Thomas O. Huffman, delivered a letter to appellant citing some eleven "critical deficiencies" in his performance and calling for his resignation. One week later respondent's superintendent, John W. Baucum, suspended appellant from his teaching duties. Respondent's board of trustees affirmed appellant's suspension and subsequently held a hearing resulting in his dismissal

Appellant first argues he was not allowed a reasonable time to correct his alleged deficiencies prior to his dismissal as required by § 59-25-440, Code of Laws of South Carolina (1976).[1] This argument overlooks the express language of that section, which allows a reasonable

---

[1] The Teacher Employment and Dismissal Act, Code § 59-25-410 through § 59-25-530, was substantially revised in 1976. See 1976 Act No. 634. Since this action arose after the effective date of the revision, all citations are to the revised statutes appearing in the 1978 Cumulative Supplement to the Code of Laws of South Carolina (1976).

time for improvement *"except as provided in § 59-25-450."* (Emphasis supplied).

Section 59-25-450 (1978 Cum. Supp.) provides in relevant part:

"Whenever a superintendent has reason to believe that cause exists for the dismissal of a teacher and when he is of the opinion that the immediate suspension of the teacher is necessary to protect the well-being of the children of the district or is necessary to remove substantial and material disruptive influences in the educational process, in the best interest of the children in the district, the superintendent may suspend the teacher without notice or without a hearing." Since Baucum proceeded under this provision, appellant's first argument is without merit.

Appellant next argues he lacked sufficient notice of the charges against him as required by § 59-25-460 and the Due Process Clause. We disagree.

Baucum wrote appellant two letters setting forth five fairly specific and unambiguous reasons for his suspennion and eventual dismissal. We hold these letters met the requirements of § 59-25-440 and the Due Process Clause. See *Intercontinental Industries, Inc. v. American Stock Exchange,* 452 F. (2d) 935 (5th Cir. 1971), cert. denied, 409 U. S. 842, 93 S. Ct. 41, 34 L. Ed. (2d) 81 (1972); *Bass v. Bass,* 272 S. C. 177, 249 S. E. (2d) 905 (1978).

Appellant's principal argument is that the record lacks evidence sufficient to support the boards decision. We disagree.

In *Law v. Richland County School District No. 1,* 270 S. C. 493, 243 S. E. (2d) 192 (1978), we held that if any of the charges against a teacher are supported by substantial evidence, the school board's decision to dismiss must be sustained. We defined "substantial evidence" as "evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency

reached or must have reached in order to justify its action." 270 S. C. at 495—496, 243 S. E. (2d) at 193.

Here, there was substantial evidence appellant had been unable to maintain order in his classroom. Both Huffman and the school's guidance counselor testified appellant's disciplinary referrals increased rather than decreased after he was made aware of the problem and he appeared unable to control his pupils. Appellant failed to effectively rebut this evidence. We believe this constituted a "good and sufficient reason" for the board's action. See *Adams v. Clarendon County School District No. 2,* 270 S. C. 266, 241 S. E. (2d) 897 (1978); § 59-19-90(2), Code of Laws of South Carolina (1976).[2]

Appellant further asserts the board's refusal to adjourn the proceedings at his request denied him the right to a fair and impartial hearing. Conceding that the hearing extended into the wee hours of the morning, we fail to see how the board's action substantially prejudiced appellant when only counsel's closing arguments remained to be heard after the request to adjourn was made.

Appellant's final argument is that the board failed to give him notice of the suspension hearing as required by §§ 59-25-440 and 59-25-470. We agree, but find this error irrelevant where the dismissal hearing, not the suspension hearing, is the subject of the appeal and appellant has shown no prejudice flowing from the procedural irregularity.

Affirmed.

LEWIS, C. J. and LITTLEJOHN, RHODES and GREGORY, JJ., concur.

---

[2] This section was amended in 1978. See 1978 Act No. 504. The amendment is neither applicable nor material to the issues raised here.