0033

Jean B. SUMTER, Respondent, v. Leroy SUMTER, Appellant.

(311 S. E. (2d) 88)

Court of Appeals

*Kevin Campbell* of *Ackerman, Woodard & Campbell,* Walterboro, *for appellant.*

*John D. Bradley, III,* North Charleston, *for respondent.*

Jan. 3, 1984.

SANDERS, Chief Judge:

This is an appeal by Leroy Sumter, the husband, from an order of the Family Court requiring him to pay $200 monthly alimony and $350 attorney's fees to his wife, Jean Sumter. We affirm.

The husband and wife lived with each other for approximately 17 months before finally separating. Their lives together were not happy. The husband admitted to physically abusing the wife on several occasions, although he claimed to have done so only after she first struck him. The husband also admitted to having shot and wounded the wife. As a result of the shooting incident he was court-martialed and confined for approximately six months.

The financial declarations of the parties, affirmed by their testimony, show their respective incomes and expenses approximately as follows: The wife is employed as an accounting clerk and has a net monthly income of $562.80 and expenses of $779.00, not including a car payment of $205.27 which was eliminated when her car was repossessed prior to hearing. The husband argues that the wife's $200 expense shown for "auto expenses" should also be eliminated. The wife argues she will obviously continue to have expenses in some form for transportation and this should be properly taken into account.

The husband is an Air Force sergeant E6, earning a net monthly income of $1,071.42, with expenses of $2,754.34. However, about $2,200 of these expenses are for a car payment and payments to various unsecured creditors. By contrast, only $15 of the wife's monthly expenses are shown as allocated to such creditors. The husband also claims monthly expenses of $142 for "incidentals and entertainment." The wife claims nothing for these expenses. There is conflicting testimony as to various bills incurred by the parties during their marriage.

It further appears from the record that the attorney for the wife participated in hearings on her behalf and otherwise provided her with representation over the course of more than 5 months, through the final hearing.

We address first the question of whether the trial ■■ judge abused his discretion in awarding alimony to the wife. The determination of entitlement to alimony and the amount awarded are matters which rest within the sound discretion of the trial judge and are not disturbed on appeal absent abuse of that discretion. *Smith v. Smith*, 264 S. C. 624, 216 S. E. (2d) 541 (1973). We have reviewed the record here in the light of the factors to be considered in determining alimony as prescribed by *Delaney v. Delaney*, 278 S. C. 55, 293

S. E. (2d) 304 (1982). This being an equity proceeding tried by the judge alone, we may determine the issues in keeping with our view of the preponderance of the evidence. *Barden v. Barden*, 278 S. C. 672, 301 S. E. (2d) 141 (1983). In our view, this record supports a finding that the award of alimony by the trial judge was proper. Therefore, we find no abuse of discretion.

Secondly, we address the award of attorney's fees to the wife. This is also a discretionary matter not to be overturned absent abuse by the trial judge. *Cudd v. Arline*, 277 S. C. 236, 285 S. E. (2d) 881 (1981). We have reviewed the record here in light of the factors to be considered in awarding attorney's fees as prescribed by *Robinson v. Robinson*, 277 S. C. 102, 282 S. E. (2d) 861 (1981). While the judge's order contains no specific findings and conclusions on this issue as required by Rule 27(C) of the Rules of Practice for the Family Court, we find the record is adequate to support the minimum attorney's fee awarded. The trial judge did not abuse his discretion.

Accordingly, the judgment of the Family Court is

Affirmed.

GARDNER and BELL, JJ., concur.