0485

William E. LOFTIS, Respondent, v. Janice H. LOFTIS, Appellant.
(331 S. E. (2d) 372)

Court of Appeals

*Herman E. Cox*, Greenville, *for appellant.*

*Catherine C. Christophillis* and *Constantine S. Christophillis*, Greenville, *for respondent.*

Heard April 22, 1985.

Decided May 31, 1985.

CURETON, Judge:

The facts of this case are undisputed. The respondent husband and appellant wife were divorced in 1976. In April 1981, the family court issued a consent order that among other things awarded the wife custody of the parties' minor

child and exclusive use of the jointly owned home. Subsequent litigation between the parties resulted in an order dated October 20, 1981, that required the husband to perform certain maintenance work on the house.

This appeal arises from a rule to show cause brought by husband against the wife to have her adjudged in contempt of court for failing to comply with the court's orders and for custody of the minor child. In her counterclaim, the wife asked that the husband be held in contempt for failure to abide by the terms of the October 1981 order. The wife appeals from that portion of the family court's order that orders a sale of the marital home. We affirm in part and reverse in part.

Preliminary to the taking of evidence in this case, the husband's attorney argued that although the husband had not prayed for possession of the marital home in his petition, nevertheless, if the trial court changed custody of the child from the wife to the husband, the court would necessarily have to decide whether the wife should continue to have possession of the home. The wife's attorney vigorously objected to the court considering this question. Whereupon the trial judge ruled that he would not consider the question of possession. Nonetheless, the trial judge issued his written order finding the wife in contempt, refusing to change custody, and holding that since the house was a source of friction between the parties, it should be disposed of by the wife's purchase of the husband's interest or by public sale.

The wife appeals from the trial judge's order on the ground that in ordering a division of the house, he granted relief not prayed for by the parties in their pleadings. The husband argues however that the wife may not complain of the relief granted because she put the matter of possession of the marital home in issue. The wife's expert witness testified that in order to reduce friction between the parties, "the house [should] be sold so that Mrs. Loftis can get into a place, and Mr. Loftis would not have easy access to." The husband's contention is without merit.

The appellate courts of this state have said many times that ordinarily a party may not receive relief not contemplated in his pleadings. *Gainey v. Gainey*, 279 S. C. 68, 301 S. E. (2d) 763 (1983); *Ingram v. Ingram*, 273 S. C. 113, 254

S. E. (2d) 680 (1979); *Bass v. Bass*, 272 S. C. 177, 249 S. E. (2d) 905 (1978); *Bolding v. Bolding*, ____ S. C. ____ , 323 S. E. (2d) 535 (Ct. App. 1984); *Bryan v. Bryan*, 282 S. C. 506, 319 S. E. (2d) 360 (Ct. App. 1984); *cf. Bank of Augusta v. Satcher Motor Company*, 249 S. C. 53, 152 S. E. (2d) 676 (1967). As stated in *Bass, supra:*

> While it is true that pleadings in the family court must be liberally construed, this rule cannot be stretched so as to permit the judge to award relief not contemplated by the pleadings. Due process requires that a litigant be placed on notice of the issues which the court is to consider.

*Id.* at 180, 249 S. E. (2d) at 906; *accord, Crocker v. Crocker*, 281 S. C. 154, 314 S. E. (2d) 343 (Ct. App. 1984), citing *Glass v. Glass*, 276 S. C. 625, 281 S. E. (2d) 221 (1981).

Here, the husband's pleadings do not request that the court dispose of the marital home nor allege facts upon which such relief may be predicated. Further, the judge specifically ruled at trial that the question of possession of the home was not before him. It was thus reversible error for the trial judge to have ordered a division of the marital home.

Accordingly, the order of the trial judge is reversed as it relates to the marital home.

Affirmed in part and reversed in part.

GARDNER and GOOLSBY, JJ., concur.