0839

Kathy HAMITER, Respondent v. Michael HAMITER, Appellant.
(351 S. E. (2d) 581)

Court of Appeals

*Kenneth E. Gaines*, Columbia, *for appellant.*

*Kathy Hamiter, pro se.*

*Richard J. Dolce*, West Columbia, *Guardian ad Litem.*

Heard Nov. 18, 1986.

Decided Dec. 15, 1986.

SHAW, Judge:

Respondent-wife, Kathy Hamiter, petitioned the family court for a divorce based on physical cruelty and further relief. Appellant-husband, Michael Hamiter, appeals the family court order regarding custody, child support, alimony, attorney's fees, and the guardian *ad litem* fee. The husband also appeals the family court's distribution of the marital property. We affirm.

While this court, in an equity action, may find facts based on its view of the evidence, it will not reverse a family court's discretionary findings absent a clear abuse of discretion. *Barth v. Barth*, 285 S. C. 316, 329 S. E. (2d) 446 (Ct. App. 1985).

These parties were married in 1974. They have three children: Michael C. Hamiter, Jr., James Travis Hamiter, and Reihannon L. Hamiter. At the time of the hearing, the children were ages eight, three and one and one-half, respectively. This action was initiated in October of 1984. The family court granted the wife a divorce and awarded her custody, $90.00 per week child support, $100.00 per month alimony, $600.00 attorney's fees, and $697.00 guardian *ad litem's* fees. The wife was ordered to pay $300.00 of the guardian *ad litem's* fee. Finally, the family court distributed the marital property.

The husband claims the family court erred in awarding custody of the minor children to the wife. The husband primarily argues the wife has neglected the children by leaving them with a babysitter until late at night and sometimes all night. The family court found both parents exhibit love for the children and are capable of caring for them. However, the court found the best interest of the children would be served by allowing them to remain in their "current environment and surroundings as much as possible." The family court judge was presented with sub-

stantial testimony on this issue by the parties, their witnesses, and the guardian *ad litem*. He had the opportunity to examine the witnesses and evaluate their credibility. *Allen v. Allen*, 287 S. C. 501, 339 S. E. (2d) 872 (Ct. App. 1986). Thus, we affirm the family court's custody award as proper within its discretion. We also affirm the reasonable award of $90.00 per week child support.

The husband argues it was error to award the wife alimony because she did not establish her need. The record contains the financial declarations of both parties and testimony regarding their earning capacities, the husband's conduct, and the wife's needs. Alimony is discretionary with the family court. *McKnight v. McKnight*, 283 S. C. 540, 324 S. E. (2d) 91 (Ct. App. 1984). We hold the family court did not abuse its discretion in awarding the wife $100.00 per month alimony.

The husband also assigns error to the family court's equitable distribution of the property. Specifically, he claims the court erred in awarding the wife a fifty (50) percent interest in a boat and in denying him an interest in a Camaro automobile. The husband also claims the court awarded him an insufficient equitable interest in the wife's business. The record reveals the boat was purchased during the marriage and the wife testified she contributed to the boat's purchase. As to the Camaro automobile, the family court awarded the wife the automobile and the husband a truck purchased during the marriage.

The family court awarded the husband an equitable interest of $1,500.00 in the wife's business. The wife testified the husband contributed $2,000.00 to the business while the husband testified his contribution was $4,000.00. However, the husband admitted his contribution came from funds he was "saving" from his salary during the marriage. Thus, his contribution was made from marital funds.

Family court judges have broad discretion in making equitable distribution awards. They may use "any reasonable means to effectuate an equitable division of the marital estate." *Bass v. Bass*, 285 S. C. 178, 328 S. E. (2d) 649, 651 (Ct. App. 1985). Based on this broad discretion, we affirm the equitable distribution award.

Finally, we hold it is patent from the record the family court acted within its discretion regarding the attorney's fees and the guardian *ad litem* fee.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.