1211

John Anthony HENRY, Respondent v. Nadine Pruitt HENRY, Appellant.

(372 S. E. (2d) 104)

Court of Appeals

*Thomas F. McDow*, Rock Hill, *for appellant.*

*Thomas A. McKinney*, of *McKinney and Givens*, Rock Hill, *for respondent.*

*Dr. M. Jane Rankin*, Rock Hill, *guardian ad litem.*

Heard April 12, 1988.

Decided Aug. 29, 1988.

*Per Curiam:*

Respondent-husband, John Anthony Henry, instituted this action against appellant-wife, Nadine Pruitt Henry, seeking, among other things, a divorce. From an order (1) awarding custody of the parties' minor children to the husband, (2) denying the wife attorney's fees, (3) granting the husband certain financial relief, and (4) requiring the wife to relocate her residence away from her alleged lesbian paramour, the wife appeals. We affirm in part, reverse in part and remand.

The parties separated on November 14, 1983. On August 6, 1984, the trial judge issued an order granting the parties joint custody of their children, restricting the right of the husband to have the children in the presence of females, restricting the right of the wife to have the children in the presence of Ms. Rene Cannon overnight, and requiring the husband to pay child support in the amount of $375.00 per month. The order, while awarding joint custody, provided physical custody to the wife on weekdays and to the husband on weekends. The remaining issues were held in abeyance pending a final hearing. On August 29, 1984, after a hearing on the merits, the trial judge issued a separation order. The order provided for equitable distribution of the parties' property, reaffirmed the child custody arrangement, increased child support to $500.00 per month and denied both parties alimony and attorney's fees. There is no evidence this order was appealed.

On November 14, 1985, the husband instituted a divorce action on the ground of one year continuous separation. He also requested the August 29, 1984 order remain in effect except that visitation be changed to specify alternating holidays and birthdays and two week periods of visitation for each party during summer vacation. The wife answered and counterclaimed requesting a change of custody to her with well defined visitation rights for the husband. In his reply to the counterclaim, the husband alleged "full custody to the wife would not be in the best interest of the children in that husband is informed and believes that the wife routinely

practices lesbian activity and is now in violation of this Court's order not to have overnight visits with a female paramour in the presence of the children."

On February 13, 1987, the trial judge issued a decree of divorce. In the decree, he granted sole custody of the children to the husband but granted the wife extensive visitation which included Sunday evening through Friday evening during the school year. He granted the husband physical custody of the children during the summer off-school months except for a three week period of visitation with the wife during this time. He further ordered husband and wife were to have the children on alternating birthdays and holidays. The divorce decree also required the wife to pay $337.48 as a property settlement, restrained the conduct of the parties, maintained child support of $500.00 per month to be paid to the wife during the school year, but reduced support to $250.00 per month during the summer months. The trial judge ordered the wife to move from the duplex apartment which she owned jointly with Ms. Rene Cannon and restricted the children's contact with Ms. Cannon. He further denied the wife attorney's fees and required each party to pay one-half of the fees of the children's guardian ad litem and counselor. Finally, he provided the husband could claim the children as dependents for state and federal tax purposes.

In appeals from the family court, we have jurisdiction to find facts in accordance with our own view of the preponderance of the evidence. *Mitchell v. Mitchell*, 283 S. C. 87, 320 S. E. (2d) 706 (1984).

■ The wife contends the trial judge erred in permitting the husband to orally amend his pleadings to seek child custody. We disagree.

Family court pleadings are to be liberally construed. (Family Court Rule 12). This rule may not be stretched so as to permit the judge to award relief not contemplated by the pleadings. *Loftis v. Loftis*, 286 S. C. 12, 331 S. E. (2d) 372 (Ct. App. 1985). Due process requires that a litigant be placed on notice of the issues which the court is to consider. *Bass v. Bass*, 272 S. C. 177, 249 S. E. (2d) 905 (1978). However, we find the primary issue before the court was that of custody. The wife alleged in her counterclaim the best interest of the

children would be served by placing sole custody in her. The husband, by way of Reply, specifically denied this allegation. Therefore, the issue of custody was properly before the court. Although the husband did not specifically request a change from joint custody to sole custody in his petition, the case developed through pleadings such that the wife certainly had sufficient notice that custody was contested. Further, a motion to allow oral amendment is addressed to the sound discretion of the trial judge and will not be overturned absent an abuse of discretion. *Bennefield v. Bennefield,* 263 S. C. 233, 209 S. E. (2d) 563 (1974). We find no such abuse.

The wife contends the trial judge erred in modifying ■ the child custody award. She argues the trial judge's findings and conclusions of law are inadequate under Family Court Rule 27(C). We agree.

Under the final order, while sole custody was granted to the husband, the physical custody of the children remained substantially the same. In other words, the court ordered sole custody to the husband with liberal visitation to the wife when, in effect, he continued joint custody. The evidence demonstrates the relationship between the husband and wife has grown combative, rendering joint custody unfavorable. The order makes no findings to support this custody arrangement and we therefore remand the issue of custody for further consideration. *See Cudd v. Arline,* 275 S. C. 415, 272 S. E. (2d) 173 (1980).

The wife further argues the trial judge erred in ordering her to remove her residence from the vicinity of Ms. Cannon. The decree states that violation of this order will result in further order of the court that the wife's visitation be limited. Because this portion of the order is conditioned on custody and visitation, this issue is also remanded to the lower court.

The wife also contends the trial judge erred in refusing to award her attorney's fees. Factors to be considered in the determination of attorney's fees are the nature, extent and difficulty of the services rendered, the time necessarily devoted to the case, the professional standing of counsel, the contingency of compensation, and the beneficial results accomplished. *Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d)

504 (1977). An award of attorney's fees lies within the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. *Tucker v. Tucker*, 282 S. C. 261, 317 S. E. (2d) 764 (Ct. App. 1984). While the trial judge's order merely recites the factors to be considered and contains no findings and conclusions on this issue as required by Rule 27(C) of the Rules of Practice for the Family Court, we find the record supports the denial of attorney's fees and find no abuse of discretion on the part of the trial judge. See *Sumter v. Sumter*, 280 S. C. 94, 311 S. E. (2d) 88 (Ct. App. 1984).

The wife contends the trial judge erred in granting the husband certain financial relief. Specifically, she argues error in that the trial judge improperly ordered her to pay the husband $337.84 to finalize the prior property settlement of the parties, reduced child support during the summer months and permitted the husband to claim the children as tax exemptions. We agree. The husband's pleadings did not request any of this relief and there is no evidence in the record he amended his pleadings to encompass such relief. See *Loftis*, infra.

The wife also contends the trial judge erred in ordering her to pay one-half of court costs, including the fees of the children's guardian ad litem and counselor. We hold it is patent from the record the family court acted within its discretion in requiring the wife to pay such fees. *Hamiter v. Hamiter*, 290 S. C. 508, 351 S. E. (2d) 581 (Ct. App. 1986).

For the foregoing reasons, the order below is affirmed in part, reversed in part and remanded.

Affirmed in part, reversed in part and remanded.