1419

Benjamin HILLIARD, Jr., Appellant v. ORANGEBURG COUNTY SCHOOL DISTRICT NUMBER THREE, Respondent.

(386 S. E. (2d) 628)

Court of Appeals

*Helen Nelson Grant* and *Richard M. Gergel,* of *Gergel, Burnette, Nickles, Grant & Ouzts,* Columbia, *for appellant.*

*Bruce E. Davis,* Camden and *F. Hall Yarborough,* Orangeburg, *for respondent.*

Heard Oct. 18, 1989.

Decided Nov. 13, 1989.

SHAW, Justice:

Appellant, Benjamin Hilliard, Jr., appeals a decision of respondent, Orangeburg County School District Number Three, denying renewal of Hilliard's teaching contract. The Board of Trustees affirmed the decision of the School District and the circuit court affirmed. We affirm.

Hilliard was employed by the School District for eleven years as a welding instructor. In August 1986, Hilliard and the School District executed a probationary contract which contained the following conditions:

1. Benjamin Hilliard will be personally responsible for personal supervision of the students during the entire time that they are assigned to him for instruction. By that, it is meant that he will be in the classroom or work area and in personal contact with the students during the entire time.

2. Benjamin Hilliard will at no time leave the students in the classroom unsupervised or will any student be allowed to leave the classroom except with his personal written permission.

3. Benjamin Hilliard will be responsible for all tools, supplies and equipment in his department, and any person who uses any of this property will sign for it, and it will be checked back in when it is returned.

4. Benjamin Hilliard will be personally responsible for the cleanliness and safe condition of the classroom and work area at all times.

5. Benjamin Hilliard will obey all of the policies in the teacher handbook.

6 Benjamin Hilliard will supply all lesson plans completed and at the scheduled time.

7. In the event that Benjamin Hilliard shall have a student who refuses or fails to participate in class activities, he shall be personally responsible for notifying the parents of that student and inform them of the problem. He shall also cause this information to be included in the permanent records of the student which will be reflected in his grades.

During the school year, Hilliard received three letters notifying him of possible violations of his probationary contract. An October 24, 1986 letter stated Hilliard made an unauthorized substitution of welding supplies. A letter dated October 29, 1986 stated Hilliard allowed one of his students to be in the work area of the welding shop unsupervised. A third letter, dated March 11, 1987, notified Hilliard that a student of his found in the auto mechanic's shop was not properly supervised.

Hilliard received a letter dated April 10, 1987 notifying him that the Board of Trustees voted to terminate his employment at the end of the school year. The letter stated Hilliard was terminated for violation of special conditions set forth in his contract.

There are two issues before us on appeal: (1) whether the trial judge erred in finding Hilliard's due process rights were not violated in light of the notice he received of charges against him and (2) whether the trial judge erred in finding substantial evidence supported the School District's decision to deny renewal of Hilliard's contract. We find Hilliard received adequate notice of the charges against him and further find substantial evidence in the record to support the School District's decision.

Due process requires that a litigant be placed on notice of the issues which the court is to consider. *Bass v. Bass*, 272 S. C. 177, 249 S. E. (2d) 905 (1978). There is no question Hilliard received notice he was being terminated for violation of conditions in his probationary contract. Hilliard concedes that he had "adequate notice of the alleged violations of the conditions of his contract." He complains, however, that in addition to these charges, other grounds for dismissal were introduced into evidence of which he had no

prior notice, and thus, no opportunity to adequately respond. He argues that because he rebutted each of the original grounds charged, he was prejudiced by the admission of the rest.

A review of the record shows some testimony on grounds for dismissal was elicited by the School District which may not have been detailed in the probationary contract. The question thus becomes whether there is substantial evidence to support the finding of violations of which Hilliard had notice. We find there is.

The record contains the following evidence of which Hilliard concedes notice: Hilliard (1) failed to submit a substitute folder, (2) made an unauthorized substitution of supplies, (3) failed to supervise a student, (4) allowed a student from another class in his classroom, (5) allowed one of his students to be in another's classroom and (6) failed to adequately complete a form required of teachers. In each instance, Hilliard either denied the violations or characterized them as trivial.

Our Supreme Court has defined substantial evidence as "evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action." *McWhirter v. Cherokee County School District No. 1*, 274 S. C. 66, 261 S. E. (2d) 157, 158 (1979). Further, "if *any* of the charges against a teacher are supported by substantial evidence, the school board's decision to dismiss must be sustained." *Id.* 261 S. E. (2d) at 158. (Emphasis added.) Without going into detail of all the alleged violations, we hold the record contains substantial evidence supporting the above charges brought against Hilliard. In particular, we note the evidence is more than sufficient to support the charge that Hilliard allowed a student to be unsupervised in the work area of the welding shop, a blatant safety violation that cannot be characterized as trivial.

For the foregoing reasons, the order below is

Affirmed.

BELL and CURETON, JJ., concur.