THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Curtis Shell,       
Respondent,
 
 
 

v.

 
 
 
Richland County School District One,       
Appellant.
 
 
 

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-503
Heard April 8, 2003  Filed August 27, 
 2003

REVERSED 

 
 
 
Andrea E. White and Charles J. Boykin, of Columbia, for Appellant.
W. Allen Nickles, III, Carl L. Solomon, and Dona L. Guffey, 
 of Columbia, for Respondent.
 
 
 

 PER CURIAM:  The Richland County 
 School District One Board of Commissioners (the Board) terminated Curtis Shells 
 teaching contract pursuant to South Carolina Code Annotated section 59-25-430 
 (1990).  Shell appealed the Boards decision to the circuit court.  The circuit 
 court reversed the Boards decision and ordered the Board to reinstate Shell, 
 ruling sufficient evidence did not exist to support the Boards decision.  The 
 Board appeals.  We reverse.
FACTUAL/PROCEDURAL POSTURE
Shell was a teacher 
 at Carver Lyon Elementary School (Carver).  In 2000, Shell was arrested for 
 attempted possession of crack cocaine.  Shell was placed on administrative leave 
 pending the resolution of the charges against him.  Subsequently, Ronald Epps, 
 the school superintendent, notified Shell he was recommending to the Board that 
 they terminate Shells employment pursuant to South Carolina Code Annotated 
 section 59-25-430 because Shell demonstrated an evident unfitness to teach.  
 Subsequently, the solicitor dismissed the charges against Shell.  
The Board approved Epps recommendation to terminate Shells 
 employment, finding Shells conduct demonstrated evident unfitness to teach.  
 Shell appealed to the circuit court.  The circuit court reversed the Board, 
 holding substantial evidence did not exist to support its finding Shell was 
 unfit to teach.  The Board appeals.
LAW/ANALYSIS
The Board argues the circuit court erred by reversing its 
 decision because sufficient evidence exists in the record to support the Boards 
 finding Shell is unfit to teach.  We agree.  
Judicial review of a school board decision terminating 
 a teacher is limited to a determination whether it is supported by substantial 
 evidence.  Felder v. Charleston County Sch. Dist., 327 S.C. 21, 25, 
 489 S.E.2d 191, 193 (1997); see McWhirter v. Cherokee County Sch. 
 Dist. No. 1, 274 S.C. 66, 68, 261 S.E.2d 157, 158 (1979) ([I]f any of the 
 charges against a teacher are supported by substantial evidence, the school 
 boards decision to dismiss must be sustained.); Barrett v. Charleston County 
 Sch. Dist., 348 S.C. 426, 432, 559 S.E.2d 365, 368 (Ct. App. 2001) (holding 
 the reviewing court cannot substitute its own judgment for that of the Board).  
 Substantial evidence is not a mere scintilla of evidence nor the evidence 
 viewed blindly from one side of the case, but is evidence which, considering 
 the record as a whole, would allow reasonable minds to reach the conclusion 
 that the . . . [Board] reached or must have reached in order to justify its 
 action.  Laws v. Richland County Sch. Dist. No.1, 270 S.C. 492, 495-96, 
 243 S.E.2d 192, 193 (1978)).
Section 59-25-430 provides that a teacher may 
 be dismissed at any time who shall . . . manifest an evident unfitness for             
 teaching . . . [through conduct] such as, but not limited to, the following: 
 . . . conviction of a violation of the law of this State or the United States, 
 gross immorality, dishonesty, illegal use, sale or possession of drugs or narcotics 
 . . . .  (emphasis added).
Section 59-25-430 does not enumerate all the reasons 
 a teachers employment may be terminated in South Carolina.  See S.C. 
 Code Ann. § 59-25-430; Hall v. Board of Trs. of Sumter County Sch. Dist. 
 No. 2, 330 S.C. 402, 406, 499 S.E.2d 216, 218 (Ct. App. 1998).  Rather, 
 recognizing the importance of school boards exercise of discretion, the Legislature 
 created a broad basis upon which a teacher may be terminated.  As such, the 
 touchstone for dismissal pursuant to section 59-25-430 is conduct evincing unfitness 
 to teach.  
The evidence before the Board indicates that in 
 1988, Shell was arrested for possession of crack cocaine when a car in which 
 he was a passenger was stopped and crack cocaine was found on the floor wrapped 
 in one of his personal checks.  The evidence also indicates that when the school 
 administration initially questioned Shell about the event, Shell was dishonest 
 about it.  
Shell was placed on administrative leave pending resolution 
 of the charges against him.  The solicitor subsequently dismissed the charges, 
 and Shell was reinstated. [1]   
In 2000, Shell hired Bernie Lee Thomas to perform 
 work on his house.  Shell had known Thomas for over twenty years.  Shell offered 
 to take Thomas home, and upon Thomas request, Shell stopped at a house across 
 the highway from Thomas house in an area of West Columbia known to be drug-infested.  
 Shell testified he remained in the vehicle while Thomas went to visit a friend.  
 When Thomas returned to the vehicle, police officers arrested Thomas for possession 
 of crack cocaine and Shell for attempted possession of crack cocaine.
According to school officials, Shells 2000 arrest was reported 
 on a local television station and caused negative, distracting, discussion of 
 the event among teachers, parents, and students, which was disruptive to the 
 school. [2]   Additionally, Carvers principal 
 testified she believed the publicity, coupled with the negative repercussions, 
 undermined Shells ability to be an effective teacher.  Moreover, she testified 
 she did not believe allowing Shell to teach was in the best interest of the 
 students.  
Viewing the record as a whole, we conclude this evidence 
 supports the Boards finding Shell is unfit to teach.  Shell was arrested twice 
 for incidents related to crack cocaine.  On both instances, he was intimately 
 associated with individuals who at the very least did possess crack cocaine 
 in his presence.  This evidence, combined with the fact that Shell is a role 
 model for young students, his 2000 arrest was televised, and his principal testified 
 that his return would not be in the best interest of the students, provides 
 sufficient evidence to support the Boards finding Shell is unfit to teach.  
 See Feagin v. Everett, 652 S.W.2d 839, 843 (Ark. Ct. App. 1983) 
 (holding evidence a teacher was arrested for marijuana was sufficient to support 
 a finding the teacher was unfit to teach, where the arrest resulted in local 
 publicity); see also Brown v. Board of Educ. of Topeka, Shawnee County, 
 Kansas, 347 U.S. 483, 493 (1954) ([E]ducation is perhaps the most important 
 function of state and local governments. . . . [I]t is a principal instrument 
 in awakening the child to cultural values, in preparing him for later professional 
 training, and in helping him to adjust normally to his environment.); Rogliano 
 v. Fayette County Bd. of Educ., 347 S.E.2d 220, 226 (W.V. 1986) (C. J. Neely, 
 dissenting) (stating teachers in public school systems are more than guides 
 to instruction and knowledge, they are role models for societal and cultural 
 values).
CONCLUSION
Based on the foregoing, the order of the circuit court is 
 reversed and the decision of the Board is reinstated.
REVERSED.
CURETON, STILWELL, and HOWARD, JJ., concurring.

 
 
 [1] At trial, Shell argued evidence regarding his previous arrest in 
 1988 was inadmissible pursuant to South Carolina Rules of Evidence, Rule 404.  
 However, this issue was not ruled on by the circuit court.  Thus, it is not 
 preserved for appellate review.  See Great Games, Inc. v. South 
 Carolina Dept of Revenue, 339 S.C. 79, 85, 529 S.E.2d 6, 9 (2000) (holding 
 issues not raised to and ruled on by the lower court are not preserved for 
 appellate review).

 
 [2] The charges against 
 Shell were subsequently dropped when Thomas pled to the charges against him 
 and accepted responsibility for the incident.