THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Delores I. Marchant,       
Appellant,
 
 
 

v.

 
 
 
Steve M. Marchant and Gloria Lyons, Defendants,
Of Whom Steve M. Marchant is,       
Respondent.
 
 
 

Appeal From Dorchester County
William J. Wylie, Jr., Family Court 
 Judge

Unpublished Opinion No. 2003-UP-685
Submitted September 17, 2003  Filed 
 November 24, 2003

REVERSED AND REMANDED

 
 
 
James B. Richardson, Jr., of Columbia, for Appellant.
Steve M. Marchant, of Harleyville, for Respondent.
 
 
 

PER CURIAM:  Delores I. Marchant (Wife) 
 appeals a family court order denying her request for alimony and attorney fees.  
 We reverse and remand. [1] 
FACTS AND PROCEDURAL HISTORY
Wife and Steve M. Marchant (Husband) were married 
 in October 1992.  The parties have two minor sons.  Wife moved out of the 
 marital home with the two children after discovering Husbands infidelity.  
 Wife and the children moved into a rental house the couple owned which had fallen 
 into disrepair from misuse by the previous tenant.  
The family court had evidence of each spouses economic 
 status.  This evidence established that Wife received social security disability 
 checks in the amount of $556 a month, plus child support payments.  In contrast, 
 Husband has been steadily employed as an electrician with a monthly income of 
 $3,800.  
The family court granted Wife a divorce on the ground 
 of adultery.  The court denied Wifes request for alimony finding the couple 
 had been married for eight years and the Wife had failed to show that her standard 
 of living had diminished since the separation.   
The family court awarded the couples former rental 
 home to Wife after finding the mobile home had $50,000 in available equity.  
 The mortgage payment on the mobile home is $229 per month.   The family court 
 also awarded Wife the couples $6,000 judgment against the former renter, although 
 the ability to collect from the renter is in doubt.  
LAW/ANALYSIS
An award of alimony rests with the sound discretion 
 of the family court and will not be disturbed unless the court abused its discretion.  
 Sumter v. Sumter, 280 S.C. 94, 311 S.E.2d 88 (Ct. App. 1984).
The legislature has established 
 twelve factors a court must consider when determining whether alimony is proper 
 and in what amounts it should be awarded.  S.C. Code Ann. § 20-3-130(c) (Supp. 
 2002).  The factors are:  1) the length of the marriage and the age of the parties; 
 2) the physical and emotional conditions of each spouse; 3) the educational 
 background of each party; 4) the employment history and earning potential of 
 each party; 5) the standard of living acquired during the marriage; 6) each 
 parties current and future earnings; 7) each parties current and future expenses 
 as well as needs; 8) property owned by each party; 9) custody issues; 10) which 
 party was at fault for the dissolution of the marriage and how such fault affected 
 the economics of the parties situation; 11) tax consequences of any award; 
 and 12) prior support obligations as well as other relevant factors.  Although 
 the family court made findings of fact, it failed to specifically address each 
 factor as required by the statute.  See Epperly v. Epperly, 312 
 S.C. 411, 440 S.E.2d 884 (1994).
As the family court failed to follow the enumerated 
 mandates of S.C. Code Ann. § 20-3-130, it abused its discretion with respect 
 to the denial of alimony.  
Our review of the facts in light of the factors listed 
 in S.C. Code Ann. § 20-3-130 reveals the Wife is entitled to alimony payments.  
 The marriage lasted eight years before ending due to Husbands infidelity.  
 Wife is disabled and receives only $556 per month in social security disability 
 payments plus child support.  Obviously, her disability negatively impacts her 
 earning potential. Husband is employed as a full-time electrician with monthly 
 income of $3,600, over six times that of Wife.  Wife was awarded the couples 
 former rental home with a monthly mortgage payment of $229.  While this mobile 
 home holds some equity, the record reveals it is in poor condition due to misuse 
 by a former tenant.  Additionally, Wife was awarded custody of the two children 
 for whom she is chief caregiver.
Because we conclude Wife is entitled to alimony, we 
 remand this case to the family court for the purpose of determining the appropriate 
 amount.
In light of our ruling and remand on alimony, the family 
 court should also revisit the issue of attorney fees and modify the child support 
 award to comply with the guidelines.
REVERSED AND REMANDED.
 HUFF, STILWELL, and BEATTY, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.