THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Lotty Moody, Appellant,
v.
Marion County School District Seven, Respondent.
 
 
 

Appeal From Marion County
 B. Hicks Harwell, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-150
Submitted March 1, 2006  Filed March 13, 2006   

AFFIRMED

 
 
 
Lotty Moody, of Marion, for Appellant. 
Bruce Davis, of Mt. Pleasant, for Respondent.
 
 
 

PER CURIAM:  This is a pro se appeal from a decision of the Marion County School District Seven (school board) to terminate Moodys employment as a teacher.  The circuit court affirmed the school boards decision, finding substantial evidence in the record of her unfitness as a teacher.  Additionally, the circuit court found no procedural errors.  On appeal, Moody asserts that her procedural due process rights were violated in certain respects.  We affirm.[1]  
1.       Moody first argues that her procedural due process rights were violated in that the school board suspended her without notice and a hearing.  We find this argument not properly preserved for appeal.  See Elam v. South Carolina Dept. of Transp., 361 S.C. 9, 23-24, 602 S.E.2d 772, 779-780 (2004) (holding that for an argument to be preserved for appeal, it must be raised to and ruled on by the trial court).  On the merits, we affirm pursuant to the following authority:  S.C. Code Ann. § 59-25-450 (2004) (providing that a superintendent may suspend a teacher without notice and a hearing, provided the letter includes the cause for suspension and notification that a hearing before the board is available if requested within 15 days).  Moody does not argue that she failed to receive notice of the dismissal hearing.  See McWhirter v. Cherokee County School Dist. 1, 274 S.C. 66, 67-68, 261 S.E.2d 157, 158 (1979) (holding that defective notice as to the suspension hearing was irrelevant when the dismissal hearing, not the suspension hearing, was the subject of the appeal).  
2.       We find Moodys argument to the effect that failure to comply with the 15-day requirement for holding the hearing under section 59-25-470 deprived the school board of jurisdiction to be without merit.  It does not appear in the record that Moody ever objected to this defect.  Thus, the only question before us is whether failure to hold the hearing within 15 days deprived the school board of subject matter jurisdiction.  See State v. Gentry, 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005) (holding that issues related to subject matter jurisdiction may not be waived and may be raised at any time).  We hold that the 15-day requirement is mandatory, but not jurisdictional, pursuant to the following authorities:  Johnston v. S.C. Dept of Labor, Licensing, and Regulation, S.C. Real Estate Appraisers Bd., 365, S.C. 293, 617 S.E.2d 363 (2005) (holding that a provision requiring the Board to serve notice of its decision within 30 days was mandatory, but not jurisdictional); Gentry, 363 S.C. at 100, 610 S.E.2d at 498 (holding that subject matter jurisdiction is broadly defined as the power of a court to hear and determine cases of the general class to which the proceedings in question belong).  
AFFIRMED. 
HEARN, C.J., ANDERSON, and KITTREDGE, JJ., concur. 

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.