### 21569

Opal C. MONTGOMERY, as Executrix of the Last Will and Testament of Mary Lewis Keziah, and James C. Wagers, Appellants, v. John W. KEZIAH, Respondent.

(282 S. E. (2d) 853)

*Claude S. Coleman* of *Hemphill, Hemphill & Coleman,* Chester, *for appellants.*

*William C. Keels* of *Strickland, Short & Keels,* Chester, *for respondent.*

September 22, 1981.

*Per Curiam:*

This appeal arises out of a contest over the probate of the will of Mary Lewis Keziah, deceased. The Probate Court of Chester County ruled the will was void and appellants served notice of appeal therefrom to the circuit court, but did not file or serve any grounds of appeal as required by Section 18-5-20, Code of Laws of South Carolina (1976). Thereafter, the circuit court dismissed the action for failure to file the grounds of appeal. This appeal followed. We affirm.

Appellants contend that with respect to the filing of grounds of appeal, Section 18-5-20 is merely directory and that compliance with its provisions serves no useful purpose since the issue of "will or no will" may be resolved through a trial *de novo* in circuit court.

Section 18-5-20 provides:

Any person interested in any final order, sentence or decree of any probate court and considering himself injured thereby may appeal therefrom to the circuit court in the same county at the stated session next after such appeal. The grounds of appeal shall be filed in the office of the probate court and a copy thereof served on the adverse party within fifteen days after such person shall have received notice of the decision appealed from.

We believe the filing and service of the grounds of appeal in accordance with Section 18-5-20 are integral parts of the right of appeal from probate court to circuit court. First, the statute uses the mandatory language, "*shall* be filed in the office of the probate court and a copy thereof served on the adverse party." (Emphasis added).

Moreover, compliance with the provision is necessary for the orderly function of the appellate process. Section 18-5-30, Code of Laws of South Carolina (1976), provides:

Within thirty days *after the grounds of appeal shall have been filed* in the office of the probate court, as provided in § 18-5-20, the probate court shall make a return to the ap-

pellate court of the testimony, proceedings and judgment and file it in the appellate court. Upon the appeal being finally disposed of all such papers included in the return shall be returned to the probate court. (Emphasis added).

As evidenced by this statute, the probate court is not required to file the return until *after* the grounds of appeal have been filed. The failure of an appellant to file such grounds within the time fixed by Section 18-5-20 will therefore impede the making of the return by the probate court and the proper consideration and disposition by the circuit court.

In view of the foregoing considerations, we cannot accept the argument tendered by appellants.

Appellants' remaining exception has also been considered and found to be without merit.

Affirmed.