22483

SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant v. Richard William DICKINSON, Respondent.

(341 S. E. (2d) 134)

Supreme Court

*William L. Todd,* Columbia, *for appellant.*

*John R. Clarke,* North Myrtle Beach, *for respondent.*

Heard Jan. 21, 1986.

Decided Feb. 26, 1986.

HARWELL, Justice:

The respondent had his driver's license suspended due to his failure to take the breathalyzer test. The hearing officer for the South Carolina Department of Highways and Public Transportation (the Department) sustained the suspension. The circuit court reversed. We affirm the order of the circuit court.

On June 16, 1983 respondent Dickinson was arrested for DUI. He was carried to the police department and offered a breathalyzer test. Due to the respondent's failure to take this test, the Department suspended his driver's license. By letter dated July 11, 1983, respondent requested a hearing pursuant to S. C. Code Ann. § 56-5-2950 (1976). This hearing on whether or not the respondent had failed to comply with the implied consent law was held fifty-eight (58) days later on September 7, 1983. The hearing officer sustained the suspension of the respondent's license.

On October 31, 1983, the suspension of respondent's license was stayed pending appeal. The appeal was heard in the circuit court on March 26, 1984. The circuit court reversed the Department's decision and reinstated the respondent's license. The Department appealed the circuit court's decision.

The relevant portion of S. C. Code Ann. § 56-1-370 (Supp. 1984) provides that "[t]he licensee may, within ten days after notice of suspension . . . request in writing a review and upon receipt of such request the Department *shall* afford him a review, as early as practicable within twenty days after receipt of such request. . . ." (emphasis added). It is uncontested that respondent was not granted a hearing within twenty (20) days after the Department received his request. The pivotal question in determining whether the Department had jurisdiction at the time it conducted the hearing is whether the word "shall" as used in the statute is directory or mandatory. The Department contends that the circuit court erred in finding the word "shall" to be mandatory.

The statute clearly mandates that a hearing shall be afforded within twenty (20) days after receipt of a request for a hearing. Ordinarily, the use of the word "shall" in a statute means that the action referred to is mandatory. *Montgomery v. Keziah,* 277 S. C. 84, 282 S. E. (2d) 853 (1981). Since the twenty (20) day time period is mandatory, the Department lacked jurisdiction to hold the implied consent hearing.[1]

This Court recognizes that twenty (20) days seems to be an unreasonably short time period in which to receive a request, issue notice, and conduct a hearing. Although not raised in this appeal, we note that the twenty (20) day time limit conflicts with the thirty (30) day notice requirement provided for in the Administrative Procedure Act, S. C. Code Ann. § 1-23-320(a) (Supp. 1985).

The Supreme Court's primary function in interpreting a statute is to ascertain the intention of the legislature. *Anders v. South Carolina Parole and Community Corrections Board,* 279 S. C. 206, 305 S. E. (2d) 229 (1983). Where the terms of a statute are clear and unambiguous, there is no room for interpretation and we must apply them according to their literal meaning. *State v. Salmon,* 279 S. C. 344, 306 S. E. (2d) 620 (1983). "If it is advisable that the statute be changed, the solution lies within the province of the Legislature. We have no right to legislate the provision from the statute or to modify its application under the guise of judicial interpretation." *Davis v. Doe,* 285 S. C. 538, 331 S. E. (2d) 352, 354 (1985) *quoting Coker v. Nationwide Insurance Company,* 251 S. C. 175, 182, 161 S. E. (2d) 175, 178 (1968).

Having found the twenty (20) day period to be mandatory it is not necessary for us to reach the remaining exceptions.

Affirmed.

NESS, C. J. and GREGORY, CHANDLER and FINNEY, JJ., concur.

---

[1] Nothing in this opinion shall be construed to deprive the Department of jurisdiction when the hearing is delayed beyond the twenty (20) days at the instigation of the licensee. The statute requires the Department to *afford* the licensee a review, not *conduct* the review, within the mandatory time period. The mandate of the statute is met as long as the licensee is given the opportunity to be heard within twenty (20) days.