24110

Margaret SCHOFIELD, Appellant v. RICHLAND COUNTY SCHOOL DISTRICT, John Stevenson, Superintendent, Richland County School District #1, Reverend William Bowman, William Halligan, Leon Howard, Carol T. Lee, Chris Lindsay, Darrell Jackson and Jasper Salmond, as members of the Board of Richland County School District Number 1, Respondents.

(447 S.E. (2d) 189)

Supreme Court

*William T. Toal,* of *Johnson, Toal & Battiste,* Columbia, *for appellant.*

*Kenneth L. Childs, M. Jane Turner,* and *Andrea E. White,* of *Childs & Duff,* Columbia, *for respondents.*

Heard May 14, 1994.

Decided July 5, 1994.

LITTLEJOHN, Acting Associate Justice:

Margaret Schofield (Teacher) brought this action alleging that Richland County School District (School District)

breached its duty to provide remedial opportunities for perceived teaching deficiencies before refusing to renew her provisional contract. Teacher claimed damages, costs, and reinstatement. The trial judge, in a nonjury term, dismissed the complaint with prejudice on the ground that the School District may refuse to renew the contract of a provisional teacher on the basis of performance concerns that arise independent of the statutory evaluation and remediation procedures. Teacher appealed. We affirm.

## I. *FACTS*

The School District hired Teacher for the 1990-91 school year under a provisional contract in accordance with S.C. Code Ann. § 59-26-40 (1990). At the beginning of her term, Teacher was given an orientation to the teacher evaluation process and a copy of the evaluation instrument, the Assessments of Performance in Teaching Test (APT). During three class instructions, Teacher was evaluated under the APT and received a passing score on each of these evaluations.

During the school year, Teacher's supervisors developed concerns about her discipline and control in the classroom, failure to provide planned, appropriate instruction, and uncooperative behavior. Specifically, her supervisors noted an inordinate amount of noise often could be heard from her classroom, her class had been playing basketball during required instructional times, several parents had complained about her behavior, and the teachers on her teaching team had stated that she either failed to contribute or missed team meetings.

After a formal observation of Teacher's class in March, her principal informed her that she did not intend to recommend Teacher for reassignment to that school. Thereafter, the District Superintendent notified Teacher that her employment would not be continued beyond the conclusion of the 1990-91 school year because of "concerns with her classroom management and quality of instruction." This action followed.

## II. *DISCUSSION*

Teacher alleges that the trial judge erred in holding that section 59-26-40 did not require the School District to provide remedial procedures for all performance concerns prior to its refusal to rehire her. We disagree.

Section 59-26-40 provides:

A person who receives a teaching certificate as provided in § 59-26-30 may be employed by any school district under a nonrenewable provisional contract. . . .

. Each school district shall use the evaluation instrument developed in accordance with § 59-26-30 to observe all provisional teachers at least three times. The results of the observations must be compiled to constitute an evaluation and must be provided to the teacher in writing. *Each school district shall give provisional teachers appropriate advice and assistance to help remedy any deficiencies that are detected by the three required observations.* The advice and assistance includes, but is not limited to, state procedures and programs developed in accordance with § 59-26-30. Following this remediation, those teachers who do not initially perform at the level required by the evaluation instrument must be observed three more times and the results of the observations must be compiled to constitute a second evaluation.

At the end of a one-year provisional contract period, the evaluation must be reviewed by the school district to determine if the provisional teacher has performed at the level required by the evaluation instrument. *If the evaluation indicates that the provisional teacher has performed in an adequate manner, the teacher is eligible for an annual contract.* If the evaluation indicates that the provisional teacher is deficient in teaching ability, the school district may employ the teacher for an additional year under a provisional contract or the district may terminate his employment. If employment is terminated, another school district may employ him under a new one-year provisional contract . . . . During the one-year provisional contract period the employment dismissal provisions of Article 3, Chapter 19, and Article 5, Chapter 25, of Title 59 of the 1976 Code do not apply. [Emphasis added.]

The plain language of section 59-26-40 requires the School District to provide remedial assistance only in those areas in which deficiencies are noted during the three required classroom evaluations. Here, Teacher's contract was not renewed based on performance concerns that arose *independently* of

the evaluation process. Accordingly, section 59-26-40 did not require the School District to provide remediation in this case.

■ Moreover, the plain language of section 59-26-40 provides that even though a provisional teacher receives an evaluation indicating he or she has performed in an adequate manner, the teacher is only "eligible" for an annual contract. Therefore, the trial judge properly held that section 59-26-40 does not mandate renewal of a provisional contract even when a teacher has performed adequately.

■ Teacher argues that it is against public policy to allow the School District to refuse to renew a provisional contract based on perceived teaching deficiencies when no remedial action has been afforded. This issue was not raised to or ruled upon by the trial judge and, therefore, this issue is not properly before this Court. *SSI Medical Services, Inc. v. Cox,* 301 S.C. 493, 392 S.E. (2d) 789 (1990).

Even if this argument was properly before the Court, we find it to be without merit. The Legislature recognized the importance of training and retaining teachers in section 59-26-40. However, the Legislature did not provide for remedial procedures for deficiencies noted outside the evaluations for provisional teachers. In the absence of a statute mandating remedial procedures for all teaching deficiencies noted during a provisional contract, we find that the School District's actions are not inconsistent with the public policy of this State. *Leonard v. Converse County School Dist.,* 788 P. (2d) 1119 (Wyo. 1990).

The holding of the trial judge is

Affirmed.

CHANDLER, Acting C.J., FINNEY and MOORE, JJ., and WILLIAM P. KEESLEY, Acting Associate Justice, concur.