535 S.E.2d 665

**Billy Ray STARNES, Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, Appellant.**

**No. 3222.**

Court of Appeals of South Carolina.

Submitted April 10, 2000.

Decided July 17, 2000.

Senior Assistant General Counsel Patrick M. Teague and General Counsel Frank L. Valenta, Jr., both of SC Department of Public Safety, of Columbia, for appellant.

Don S. Rushing, of Rushing & Griffith, of Lancaster, for respondent.

STILWELL, Judge:

The South Carolina Department of Public Safety suspended the driver's license of Billy Ray Starnes. The circuit court reversed the suspension, finding Department (1) lacked the authority to hold a hearing outside the ten-day time limit prescribed by statute, (2) failed to issue a written order within the required thirty-day period, and (3) submitted a breath test result based on an invalid simulator test. Department appeals and we affirm.[1]

## FACTS/PROCEDURAL HISTORY

The basic facts of this case are not in dispute. On July 25, 1998, Starnes was arrested for driving under the influence pursuant to S.C.Code Ann. § 56–5–2930 (Supp.1999). Starnes

---

**1.** We decide this case without oral argument pursuant to Rule 215, SCACR.

submitted to a breath test and, upon registering an alcohol concentration of .15%, surrendered his driver's license to the arresting officer. On July 31st, pursuant to S.C.Code Ann. § 56–5–2951 (Supp.1998) [2], Starnes enrolled in an Alcohol and Drug Safety Action Program, requested an administrative hearing, and obtained a temporary alcohol-restricted license.

Two weeks later, on August 14th, Department held an administrative hearing to review the suspension of Starnes's license. At the hearing, Starnes argued Department failed to convene the hearing within the ten-day period prescribed by § 56–5–2951(H) and thus, his suspension should be rescinded. The hearing officer, stating that he did not receive notice of Starnes's request for a hearing until August 7th, found the hearing was timely. Starnes also objected to the admission of the breath test result, claiming the breath test was invalid due to an improper simulator setting. The hearing officer disagreed, finding the State "carried the burden of proof on all the contested issues." On August 20th, the hearing officer sustained the license suspension. Starnes, however, did not learn of the decision until October 30th, when he received a letter dated October 21st.

Starnes filed a timely petition for judicial review in the circuit court pursuant to the Administrative Procedures Act. *See* S.C.Code Ann. § 56–5–2951(I) (Supp.1998). In addition to the errors argued before the hearing officer, Starnes asserted that Department's failure to provide notice of its decision within thirty days of the hearing was also contrary to § 56–5–2951(H).

At the hearing before the circuit court, Department stipulated that Starnes's hearing did not occur within the statutory ten-day period and that Department failed to provide Starnes with an order of decision within thirty days following the conclusion of the hearing. By order dated January 29, 1999, the court reversed the decision of the Department's hearing officer and reinstated Starnes's license. Department appeals.

---

**2.** This statute took effect on June 29, 1998. It was amended, however, by subsequent legislative acts in 1999. Because the statute as it existed in 1998 governs Starnes's license suspension, this opinion references only the 1998 cumulative supplement to the Code in this regard.

## LAW/ANALYSIS

 Department first argues the circuit court erred in finding the admitted violation of the statutory ten-day hearing requirement divested it of jurisdiction to hold a hearing in the first instance. We disagree.

Under the statutory provisions governing our implied consent law, Department must suspend the license of anyone who drives a motor vehicle and refuses to submit to an alcohol breath test or who takes the test and registers an alcohol concentration of at least .15%. *See* S.C.Code Ann. § 56–5–2951(A) (Supp.1998). Within ten days of a notice of suspension, however, a person may request an administrative hearing. *See id.* § 56–5–2951(D)(2). The scope of this hearing is limited to proof of (1) lawful arrest or detainment, (2) advisement of rights associated with the implied consent statute, and (3) a refusal to submit to a test or the results of a properly administered test showing an alcohol concentration level of .15% or more. *See id.* § 56–5–2951(H).

Subsection H also provides, in relevant part: "An administrative hearing *must be held within ten days after the request for the hearing is received* by the department. However, upon a showing of exigent circumstances by either party, a continuance may be granted not to exceed thirty days." *Id.* (emphasis added). The parties agree the implied consent hearing was not held within the period prescribed by statute and neither requested a continuance.

 Rules of statutory construction need not be applied when a statute's language is plain, unambiguous, and conveys a clear and definite meaning. *Paschal v. State Election Comm'n,* 317 S.C. 434, 454 S.E.2d 890 (1995). Rather, the terms of the statute should be applied according to their literal meaning. *Id.* at 436, 454 S.E.2d at 892. When statutory language is clear, this court has no right "to look for or impose another meaning," or "resort to subtle or forced construction in an attempt to limit or expand a statute's scope." *Id.* at 436–37, 454 S.E.2d at 892; *see also City of Columbia v. American Civil Liberties Union,* 323 S.C. 384, 475 S.E.2d 747 (1996).

■ The language of § 56–5–2951(H) is clear and unambiguous: Department is required to hold an administrative hearing within ten days of the department's receipt of a party's request. *Cf. South Carolina Police Officers Retirement Sys. v. City of Spartanburg,* 301 S.C. 188, 391 S.E.2d 239 (1990) ("must" is mandatory); *South Carolina Dep't of Highways & Pub. Transp. v. Dickinson,* 288 S.C. 189, 341 S.E.2d 134 (1986) (holding language in statute that the Department shall provide a review within twenty days after receipt of a party's request . for an administrative hearing on a license suspension is mandatory). We will not, therefore, look behind the statute's terms in an attempt to ascertain a contrary legislative intent.

Furthermore, the reasoning behind our supreme court's opinion in *Dickinson* applies equally to our decision in this case. In *Dickinson,* the court analyzed S.C.Code Ann. § 56–1–370 (Supp.1984). There, as here, the statute provided for an administrative hearing following a license suspension, stating that upon written request the Department " '*shall* afford . . . a review, as early as practicable within twenty days after receipt of such request. . . .' (emphasis added)." *Dickinson,* 288 S.C. at 190, 341 S.E.2d at 135. Furthermore, as here, Dickinson did not receive his requested hearing within the statutorily-prescribed time period. In affirming the circuit court's reversal of the Department's hearing officer, the *Dickinson* court stated: "The pivotal question in determining whether the Department had jurisdiction at the time it conducted the hearing is whether the word 'shall' as used in the statute is directory or mandatory." *Id.* Thereafter, the court declared § 56–1–370 "clearly mandate[d]" a hearing within twenty days and held the failure to afford Dickinson a timely hearing divested the Department of jurisdiction to hold an implied consent hearing in the first instance. *Id.* at 191, 341 S.E.2d at 135.

■ As to Department's argument that § 56–5–2951(H) speaks of discretionary authority to continue a hearing due to exigent circumstances, Department did not raise this argument to the circuit court, and it therefore is not preserved for appellate review. *See, e.g., Schofield v. Richland County Sch. Dist.,* 316 S.C. 78, 447 S.E.2d 189 (1994). Likewise, not having argued below that the ten-day provision conflicts with the thirty-day notice requirement for contested hearings found in

S.C.Code Ann. § 1–23–320(a) (Supp.1999), Department is procedurally barred from asserting it for the first time on appeal to this court. *Id.* at 82, 447 S.E.2d at 191.

Accordingly, because Department did not afford Starnes an administrative hearing within the statutorily mandated ten-day period, it lacked subject matter jurisdiction to sustain the suspension. The circuit court, therefore, did not err in ordering Department to reinstate Starnes's license.

Additionally, we note the legislature recently clarified the import of Department's failure to hold a timely hearing. In 1999, the legislature amended § 56–5–2951(H) to provide that if Department fails to hold a hearing within thirty days of the receipt of a request, it must issue an order explaining the delay and schedule a new hearing. If, however, Department "does not issue a written order within ten days or fails to schedule or hold a subsequent hearing, the person shall have his driver's license, permit, or nonresident operating privilege reinstated." S.C.Code Ann. § 56–5–2951(H) (Supp.1999). This amendment is indicative of the legislature's intent to require Department to strictly adhere to the mandated time frames involved in license suspensions.

 Department further argues the circuit court erred in reinstating Starnes's license because it failed to provide him with a written order notifying him of the hearing officer's decision within thirty days of the administrative hearing. The statutory provision in question states: "A written order *must* be issued to the person upholding the suspension of the person's license, permit, or nonresident's operating privilege, or denying the issuance of a license or permit *within thirty days after the conclusion of the administrative hearing.*" S.C.Code Ann. § 56–5–2951(H) (Supp.1998) (emphasis added). Department admits it did not meet this requirement. Accordingly, we also affirm the reinstatement of Starnes's license on this ground for the reasons discussed above.

Because we affirm the circuit court's decision to revoke the suspension and reinstate Starnes's license, we need not consider Department's final argument concerning the allegedly faulty simulator test. *See, e.g., Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 518 S.E.2d 591 (1999) (noting that an appellate court need not address appellant's remaining

issues when its determination of a prior issue is dispositive); *Dickinson,* 288 S.C. at 191, 341 S.E.2d at 136 ("Having found the twenty (20) day period to be mandatory it is not necessary for us to reach the remaining exceptions.").

**AFFIRMED.**

HEARN, C.J., and MOREHEAD, Acting Judge, concur.