617 S.E.2d 363

James F. JOHNSTON, III, Respondent,

v.

SOUTH CAROLINA DEPARTMENT OF LABOR, LICENSING, AND REGULATION, SOUTH CAROLINA REAL ESTATE APPRAISERS BOARD, Petitioner.

No. 26015.

Supreme Court of South Carolina.

Heard June 14, 2005.
Decided July 25, 2005.
Rehearing Denied Aug. 25, 2005.

294

Kenneth P. Woodington, of Davidson, Morrison and Lindemann, P.A., of Columbia;  and Lynne W. Rogers, of South Carolina Department of Labor, Licensing and Regulation, of Columbia, for petitioner.

John S. Nichols, of Bluestein & Nichols, L.L.C., of Columbia, for respondent.

Justice MOORE.

Following petitioner's (the Board's) issuance of an order fining and suspending respondent, respondent appealed to the Administrative Law Court (ALC). The ALC reversed the Board's order and found the Board's failure to serve written notice within the statutorily-mandated time period divested the Board of subject matter jurisdiction.[1] The circuit court affirmed the ALC and the Court of Appeals affirmed in a 2–1 decision. *Johnston v. S.C. Dep't of Labor, Licensing, and Reg., S.C. Real Estate Appraisers Bd.,* Op. No.2003–UP–688 (S.C. Ct.App. filed November 24, 2003). We reverse and remand.

## FACTS

Respondent was a licensed real estate appraiser. In April 2000, the Board brought charges against respondent alleging he violated the South Carolina Real Estate Appraisers Registration, Licensing and Certification Act, S.C.Code Ann. §§ 40–60–2, *et seq.,* and violated the 1997 Uniform Standards of Professional Appraisal Practice. The allegations stemmed from a complaint regarding a real estate appraisal done by another appraiser, Kyle Smith, which respondent signed as a supervising appraiser.

After an administrative hearing on the matter, the Board found respondent had committed the alleged violations and imposed a one thousand dollar fine and suspended respondent's license for one year. The written decision was issued on October 23, 2000. Pursuant to statute, the Board was required to serve written notice of its decision on respondent within thirty days of issuing a final order. *See* S.C.Code Ann. § 40–60–150(C)(3) (Supp.2004). Two weeks after the Board's written decision was issued, on November 6, 2000, the Board mailed written notice of its decision by certified mail, "Return Receipt Requested," to an address containing an incorrect zip code. An unknown person accepted the letter and signed the

---

1. Respondent also appealed the Board's order on the merits; however, the ALC did not address those issues after finding the order was a nullity.

name "T. Griffin" to the receipt. This card was returned to the Board with T. Griffin's signature.

On December 7, 2000, respondent learned the Board had posted his name on their website as being under suspension. After respondent's inquiry, a copy of the written decision was given to respondent by a Board employee. While this notice constituted proper service, pursuant to Rule 5(b)(1), SCRCP, on respondent, notice was not served on respondent until two weeks after the statutorily-prescribed time period had expired.

## ISSUE

Did the Court of Appeals err by finding the Board's failure to serve notice of its decision within the 30–day time period prescribed in S.C.Code Ann. § 40–60–150(C)(3) (Supp.2004) deprived the Board of subject matter jurisdiction?

## DISCUSSION

The Board argues the Court of Appeals erred by finding that because the Board failed to comply with the time frame required by § 40–60–150(C)(3), its inaction deprived the Board of subject matter jurisdiction.

■■■ The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the Legislature. *Hodges v. Rainey,* 341 S.C. 79, 533 S.E.2d 578 (2000). When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must apply the statute according to its literal meaning. *Carolina Power & Light Co. v. City of Bennettsville,* 314 S.C. 137, 442 S.E.2d 177 (1994).

■■ Section 40–60–150(C)(3) provides: "The board shall render a decision and *shall serve* notice, in writing within thirty days, of the board's decision to the ... appraiser charged...." (Emphasis added). The language of § 40–60–150(C)(3) clearly and unambiguously requires the Board to serve notice of its decision to the appraiser charged within 30 days of its ruling. The term "shall" in a statute means that

the action is mandatory. *Wigfall v. Tideland Utils., Inc.*, 354 S.C. 100, 580 S.E.2d 100 (2003); *Charleston County Parents for Pub. Schools, Inc. v. Moseley*, 343 S.C. 509, 541 S.E.2d 533 (2001).

Although the 30–day time requirement is mandatory, it is not jurisdictional. Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong. *Dove v. Gold Kist*, 314 S.C. 235, 442 S.E.2d 598 (1994). The failure to comply with a mandatory time requirement for serving a written decision does not affect the jurisdiction of the Board to determine the real estate appraiser disciplinary matter.[2]

The failure of the Board to meet the deadline does not render the order a nullity. We conclude the order is valid, but *ineffective*, until it is served upon the appraiser.

There is no indication the Legislature intended for the time limit to prevent the Board from having the ability to discipline an errant appraiser if the Board fails to serve notice of the

---

2. We note that the decisions of *South Carolina Dep't of Highways and Pub. Transp. v. Dickinson*, 288 S.C. 189, 341 S.E.2d 134 (1986), and *Starnes v. South Carolina Dep't of Pub. Safety*, 342 S.C. 216, 535 S.E.2d 665 (Ct.App.2000) are not applicable. Both of these cases involve the failure of the Department to hold a hearing within the statutorily-prescribed time period following the suspension of a driver's license for driving while intoxicated. In these cases, both this Court and the Court of Appeals determined that the failure to hold the requested hearing deprived the Department of jurisdiction to hold the hearing.

Subsequently, in the case of *In re Matthews*, 345 S.C. 638, 550 S.E.2d 311 (2001), *cert. denied*, 535 U.S. 1062, 122 S.Ct. 1928, 152 L.Ed.2d 834 (2002), we held the failure of the State to conduct a trial to determine whether a person is a sexually violent predator or seek a continuance within the statutorily-required sixty days did *not* divest the court of jurisdiction. We stated that Matthews should have filed a motion to dismiss when the State failed to bring the case to trial within the mandatory sixty days; further, because Matthews did not file the motion to dismiss, he had waived his right to challenge the State's failure to comply with the requisite time period.

*Matthews* is in line with our strict view of subject matter jurisdiction. *See, e.g., State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005) (finding challenge to sufficiency of indictment does not involve subject matter jurisdiction); *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 442 S.E.2d 598 (1994) (clarifying the difference between venue and subject matter jurisdiction). Our decision in this case reflects that strict view.

written decision within the prescribed time period. Instead, the Legislature intended to speed the resolution of appraiser disciplinary cases for the benefit of all parties involved. *See, e.g., In re Martino*, 138 N.H. 612, 644 A.2d 546 (1994) (thirty-day time limit intended to speed resolution of workers' compensation cases for benefit of all parties involved; statute's purpose would be frustrated if time limitation was interpreted as jurisdictional requirement).

We note that, although the thirty-day time limit is mandatory, the Legislature has not provided how that mandate is to be enforced. There is no language regarding the consequences if the Board misses the deadline for serving written notice of its decision on the appraiser. Accordingly, we will not assume the Legislature intended the Board to lose its power to act for failing to comply with the statutory time limit. *See Brock v. Pierce County*, 476 U.S. 253, 106 S.Ct. 1834, 90 L.Ed.2d 248 (1986) (courts should not assume Congress intended agency to lose its power to act; agency does not lose jurisdiction for failing to comply with statutory time limit unless statute expressly sets time limit *and* specifies a consequence).

## CONCLUSION

■ Because the thirty-day time limit for serving notice of the Board's decision is mandatory, but not jurisdictional, we reverse and remand to the ALC for a ruling on the merits of respondent's claims.[3]

**REVERSED AND REMANDED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

3. Once respondent brought the failure of service to the Board's attention, the Board promptly gave respondent a copy of the Board's written decision. We find respondent was not prejudiced by the Board's failure to complete service within thirty days of the Board's issuance of its decision.