THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ronald Lynn Jenkins, Appellant,
 v.
 Maria T. Jenkins, Respondent.
 
 
 

Appeal From Richland County
 Berry L. Mobley, Family Court Judge
Unpublished Opinion No. 2007-UP-342
Submitted June 1, 2007  Filed June 29, 2007
AFFIRMED

 
 
 
 Wendy Pauling Levine, of Columbia, for Appellant.
 Robert M. P. Masella, of Columbia, for Respondent.
 
 
 

PER CURIAM:  In this family court matter, the appealed order vacated a prior order declaring a mistrial from a final hearing and denied post-trial motions by Ronald Lynn Jenkins (Husband) for relief from the divorce decree.  Husband appeals.  We affirm.[1]
FACTS AND PROCEDURAL HISTORY
On September 10, 2003, Husband filed his complaint for a divorce from Maria T. Jenkins (Wife) based on a one-year separation and requested an equitable division of the marital assets.  Wife answered and counterclaimed in a timely manner, requesting separate support and maintenance, divorce on the ground of adultery, equitable division, a restraining order, and attorney fees and costs.  On November 20, 2003, Wife filed a notice of motion and motion for temporary relief.  After a pendente lite hearing on January 14, 2004, Family Court Judge Walter B. Brown signed a temporary order on February 3, 2004, granting Wife exclusive possession and use of the marital residence, requiring Husband to pay directly to Wife $750.00 per month by the 10th day of each month toward the mortgage on the residence beginning in February 2004, and directing Husband to either pay $2,959.28 to stop the pending foreclosure action on the home or make arrangements with the mortgagee to stop the foreclosure.
Following issuance of the temporary order, a rule to show cause was issued against Husband and a hearing on the matter was scheduled for February 17, 2004.  Husband failed to appear on the appointed date, and on March 8, 2004, Family Court Judge H. Bruce Williams issued a bench order holding Husband in contempt and sentencing him to serve 10 days in the detention center but allowing him to purge himself by paying $200.00 in court costs by 5:00 p.m. that day.  Judge Williams also rescheduled the hearing for April 15, 2004.
Following the hearing on April 15, Family Court Judge Rolly Jacobs signed an order on May 20, 2004, finding Husband in willful contempt of the temporary order.  In support of this finding, Judge Jacobs noted (1) Husband failed to pay the indebtedness on the mortgage on the marital residence or make timely arrangements with the mortgagee to stay the pending foreclosure; and (2) Husband did not pay Wife $700.00 per month toward the mortgage.[2]  Consequently, Judge Jacobs ordered Husband to serve 30 days in jail, with the condition that he could purge his contempt and procure his release by paying Wife $2,100.00 plus $1,800.61 in attorney fees.
Wife filed another rule to show cause alleging Husband failed to obey both the temporary order issued by Judge Brown and the order issued by Judge Jacobs.  A hearing on this rule to show cause took place before Family Court Judge Jack Landis on August 30, 2004.  By order dated and filed September 2, 2004, Judge Landis found Husband in contempt of both prior orders and sentenced him to serve no less than 6 months in the county detention center.  Judge Landis allowed Husband to purge himself of the contempt by paying the mortgage arrearage of $5,250.00 to Wife and previously ordered attorney fees to Wifes counsel.[3]  Upon his release, Husband was to pay additional fees of $639.00 to Wifes attorney.
A final hearing in the matter took place before Family Court Judge Berry Mobley on October 25, 2004.  Both parties were present and represented by counsel.  At the hearing, the parties announced they had reached an agreement regarding the ancillary issues, leaving only the issue of the divorce for the court to decide.  Judge Mobley, after hearing the terms of the agreement and examining both parties, approved the agreement and incorporated it into the final divorce decree.  Judge Mobley also granted Husband a divorce based on his finding that the parties had been separated more than one year.  Because the agreement called for Husband to pay periodic alimony, monthly installments on attorney fees awarded to Wife, and past due spousal maintenance and support, Judge Mobley, with Judge Landiss consent, suspended the contempt sentence imposed on Husband by Judge Landis the previous month and ordered Husbands release from custody to allow Husband to begin working.  Judge Mobley signed the divorce decree on December 5, 2004, and the clerk of court filed it on December 9, 2004.
On December 7, 2004, Husband filed a motion to reconsider, alleging in general terms that portions of the order did not seem to reflect the agreement of the parties as stated on the record and that he did not agree to certain terms of the agreement as set forth in the order.  On March 14, 2005, Husband, now represented by another attorney, filed a notice of motion and motion for relief pursuant to Rule 60(b), SCRCP.  On July 21, 2005, Husband moved to amend his prior motions, essentially arguing that, after reviewing the trial transcript, he determined there were discrepancies between the parties agreement as stated on the record and the agreement as it was set forth in the divorce decree.  Wife did not file a response to any of Husbands motions.
The clerk of court scheduled Husbands motions to be heard during Judge Mobleys next term in Richland County, which was not until November 1, 2005, and Judge Mobley ordered briefs from both parties on the salient issues.  On August 9, 2005, after the briefs had been submitted, Judge Mobley issued an order declaring a mistrial in the action and declaring the order that he signed on December 4, 2004, null and void except for the granting of the divorce.  In the order signed August 9, 2005, Judge Mobley found [b]oth parties have now filed motions to vacate the Order as it does not properly reflect the agreement as presented to the Court.
On August 12, 2005, counsel for Wife faxed a letter to Judge Mobley at his office in Lancaster advising that his client did not ask that the order at issue be vacated but that it be upheld.  Counsel further requested that Judge Mobley recommit Husband to serve the remaining time on the contempt sentence imposed by Judge Landis if the mistrial order was to remain in effect.
Judge Mobley held another hearing in the case on November 9, 2005.  Attorneys for both parties were present.  After hearing arguments from counsel, Judge Mobley ruled from the bench that he would rescind the order for mistrial.  Judge Mobley confirmed this ruling in writing by order dated December 5, 2005, and filed December 20, 2005.  In the same order, Judge Mobley also denied Husbands motions for relief under Rules 59(e) and 60, SCRCP and held the divorce decree signed December 5, 2004, would be the Order of the case.  Husband appeals.
LAW/ANALYSIS
1. Husband argues there was no motion filed under Rule 59(e), SCRCP, to confer subject matter jurisdiction on Judge Mobley to vacate his previous order for mistrial beyond ten days of the date of issuance of that order.  We disagree.
 
In Heins v. Heins, 344 S.C. 146, 543 S.E.2d 224 (Ct. App. 2001), this court ruled that a Family Court judge does not have the authority to alter or amend a judgment, sua sponte, once the judgment is more than 10-days-old.  Id. at 157, 543 S.E.2d 229.  In addition, because the only post-trial motion by either of the parties did not include a request for the relief granted by the family court when it decided the motion, we held there was no timely motion pursuant to Rule 59(e), SCRCP, on which the family court could base an assertion of jurisdiction. Id. at 155-56, 543 S.E.2d at 228-29.
In the present case, it is apparent from the appealed order that Judge Mobley, in noting that Wifes attorney requested the court reconsider the ruling in his prior order declaring a mistrial in the case, considered the August 12, 2005 letter to be a motion to alter or amend.  In the letter, counsel noted both the execution and filing dates of the order for mistrial, thus indicating that he was responding promptly in contesting it.  We have found nothing in the record to suggest the letter was not sent to Husbands counsel. Moreover, the fact that it prompted Judge Mobley to set a hearing, at which Husband was present and voiced no objection, indicates Judge Mobley considered the letter a sufficient statement of the relief Wife was requesting even though it may not have been presented in the customary form in which a post-trial motion would ordinarily be made.  See Arthur v. Sexton Dental Clinic, 368 S.C. 326, 334 n.5, 628 S.E.2d 894, 898 n.5 (Ct. App. 2006) (upholding the issuance of a proposed scheduling order, notwithstanding that the documents submitted by the proponent of the order were not necessarily the equivalent of a formal motion and noting that [b]ecause the circuit court and the parties were aware of the substance of Respondents request, we do not believe Appellants were prejudiced by the absence of a formal motion); 56 Am. Jur. 2d Motions, Rules, and Orders, § 16, at 15 (2000) (noting failure to comply with formalities prescribed for motions may not be fatal to the motion so long as the substantive grounds and relief desired are apparent and the nonmovant is not prejudiced by the omission).  Because there was no dispute that Husbands attorney received the letter within ten days after the order for mistrial was filed, we further hold the letter constituted a timely motion to alter or amend pursuant to Rule 59(e), SCRCP.
 
2. In his reply brief, Husband further contends that, under Rule 5(d), SCRCP, the August 12, 2005 letter had to be filed with the clerk of court to preserve Judge Mobleys authority to act on it.  We reject this argument.   
Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong.  Johnston v. S.C. Dept of Labor, Licensing, & Regulation, 365 S.C. 293, 297, 617 S.E.2d 363, 364-65 (2005).  Under this definition of subject matter jurisdiction, a time limit, although mandatory, is not jurisdictional unless the governing rules for having a matter adjudicated by a particular tribunal provide otherwise.  See Rule 5(d), SCRCP (Upon failure of a party to file other pleadings, motions, or papers, the court may permit filing or proceed as though the same had not been served.); In re Matthews, 345 S.C. 638, 644, 550 S.E.2d 311, 314 (2001) (holding the failure of the State either to conduct a trial regarding whether the defendant was a sexually violent predator or to seek a continuance within the statutorily-required time limit did not divest the court of jurisdiction and noting the appellants failure to move to dismiss the case on that ground constituted a waiver of his right to challenge the States failure to meet the requisite deadline); cf. McClain v. Ingram, 314 S.C. 359, 360, 444 S.E.2d 512, 512-13 (1994) (noting Rule 5(d), SCRCP, clearly requires that the summons and complaint in a civil case be filed before they are served and holding that, because service preceded filing, . . . this action was not properly commenced before expiration of the statute of limitations).
Applying the foregoing to the present case, we note (1) the only procedural requirement for a motion to alter or amend pursuant to Rule 59(e), SCRCP, is that it shall be served not later than 10 days after receipt of written notice of the entry of the order; and (2) Husband does not suggest on appeal that his attorney did not receive the letter from Wifes attorney within ten days after entry of the order for mistrial.  Any alleged failure to file the letter as required by Rule 5(d), SCRCP, would not have precluded Judge Mobley from exercising authority to grant Wifes request for relief absent a pertinent objection by Husband.  Because Husband did not object to Wifes proceeding on her motion or otherwise note it had not been timely filed with the clerk of court, he cannot raise this issue on appeal.  See Staubes v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) (It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.).

 3. We disagree with Husbands contention that Judge Mobley erred in denying his motion for relief under Rule 60(b), SCRCP, because of various alleged errors in the divorce decree.  Variations between that order and what was recited at the divorce hearing were not substantive discrepancies but merely changes in language for the order to be clear and enforceable.  Moreover, counsel for both parties reviewed the proposed order before it was submitted to Judge Mobley, and only the modifiability of the alimony amount in dispute.  As to that particular issue, it is clear from the transcript of the divorce hearing that alimony was to be modifiable and that the base amount was, in fact, advantageous to Husband considering his earnings during the prior year.  Under these circumstances, we are at a loss to see how any of the alleged differences between the final order and the statements of counsel during the hearing inured to Husbands prejudice.  See Hanahan v. Simpson, 326 S.C. 140, 156, 485 S.E.2d 903, 911 (1997) (stating an appellant must show prejudice to have a judgment reversed).
4. Finally, Husband contends Judge Mobley erred in denying his motion under Rule 59(e), SCRCP.  In support of his argument, Husband alleges the agreement was unfair from both a procedural and substantive perspective and suggests Wife took advantage of the fact that he was serving time in jail on a contempt charge issued in connection with the litigation.  We disagree. 
 
The agreement, as read into the record during the final hearing, did not address whether Husband would remain incarcerated.  Furthermore, it appears from the transcript that Husband was released from custody only after Judge Mobley questioned both parties about the agreement and had obtained Judge Landiss consent to suspend the contempt sentence.  Finally, after comparing the agreement as presented in the final order with the representations of counsel in court and after reading Judge Mobleys examination of both parties, we are satisfied that the terms expressed in the final order were substantially the same as those recited at the hearing, that Husband assented to them notwithstanding any reservations he may have had, and that the agreement was fair to both parties.  
 
AFFIRMED.
GOOLSBY and KITTREDGE, JJ., and CURETON, A.J., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  There is no explanation as to why Judge Brown directed Husband to pay $750.00 per month to Wife toward the mortgage and Judge Jacobs, in the later order, recited the amount he was to pay was $700.00 per month.
[3]  Again, there is a discrepancy in that this order states the attorney fees were $1,861.00, as opposed to $1,800.61 in Judge Jacobss order.