THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Williamsburg Rural Water and Sewer Company, Inc., Appellant,
 v.
 Williamsburg County Water and Sewer Authority, A Body Politic,
 County of Williamsburg, A Body Politic, Town of Kingstree, A Body Politic,
 City of Lake City, A Body Politic, Town of Stuckey, A Body Politic and Town
 of Andrews, A Body Politic, Respondents.
 
 
 

Appeal From Williamsburg County
 Thomas W. Cooper, Jr., Circuit Court
 Judge
Memorandum Opinion No. 2007-MO-071
Heard September 20, 2007  Filed December
 17, 2007   
AFFIRMED IN PART AND REMANDED

 
 
 
 Larry G.
 Reddeck, of Nettles, Turbeville & Reddeck, of Lake City, for Appellant. 
 
 Mark W.
 Buyck, Jr., Mark W. Buyck, III, both of Wilcox, Buyck & Williams, of
 Florence, W.E. Jenkinson, III, Ernest J. Jarrett, both of Jenkinson, Jarrett
 & Kellahan, of Kingstree, and William A. Bryan, Jr., of Collins & Lacy,
 of Columbia, for Respondents.
 
 
 

JUSTICE
 WALLER:  These are consolidated
 appeals from orders of the circuit court relating to the provision of water and
 sewer services in Williamsburg County.   We affirm in part and remand.
FACTS
The
 Williamsburg Rural Water and Sewer Company (WRWSC) was organized as a
 not-for-profit corporation in late 1994-early 1995 for the purpose of providing
 water and sewer service to unincorporated areas of Williamsburg County.   At the time of its organization, WRWSC gave the County notice of its intent to serve
 certain areas, as well as proposed service area maps.  County did not respond
 to WRWSCs notice but, instead, enacted an ordinance under which County could
 expand its own water and sewer services into the areas.
In
 1998, WRWSC commenced an action against County, contending it had the exclusive
 right to serve the areas in question; WRWSC also sought an injunction to
 prevent County from extending its lines and providing service in the area.  The
 circuit court granted Countys motion for summary judgment, finding WRWSC did
 not have an exclusive right to serve the area.  The Court of Appeals
 affirmed this ruling.  Williamsburg Rural Water and Sewer Co., Inc. v.
 Williamsburg County Water and Sewer Authority, 357 S.C. 251, 593 S.E.2d 154
 (Ct. App. 2003).  This Court reversed the grant of summary judgment to County.  Williamsburg Rural Water and Sewer Co., Inc. v. Williamsburg County Water
 and Sewer Authority, 367 S.C. 566, 627 S.E.2d 690 (2006) (Williamsburg I).  
 We held the Countys failure to respond to WRWSCs notice of intent to provide
 services within ninety days resulted in WRWSC obtaining an exclusive right to
 serve the area.   The matter was remanded to the circuit court for further
 proceedings.    
After
 our opinion in Williamsburg I was issued, County filed an action seeking
 to condemn WRWSCs franchise rights (the Condemnation Action).  Thereafter,
 WRWSC filed motions to declare Countys franchises void; it also filed motions
 for permanent injunctions and restraining orders, contending, pursuant to Williamsburg
 I, that it had the exclusive right to provide water and sewer service in
 the area (the Exclusive Franchise Area action, or EFA).[1]   
On
 June 12, 2006, WRWSC filed an action challenging Countys right to condemn its
 franchise rights (the Challenge Action).  The Challenge Action also sought an
 automatic stay of the condemnation action, and sought compensation for Countys
 inverse condemnation of and infringement upon WRWSCs exclusive service rights. 
 WRWSC also sought an order declaring all franchises previously granted by
 County null and void.  The Challenge Action lists County, the Town of Kingstree, the City of Lake City, and the Towns of Stuckey and Andrews as defendants.[2]  
WRWSC
 then filed a motion for summary judgment in the EFA action, seeking a
 declaration that County was without authority to issue franchises in WRWSCs
 exclusive area, and an order declaring all franchises issued by County null and
 void.  WRWSC also requested orders permanently enjoining County from taking any
 further action to provide water/sewer service, and requiring it to cease and
 desist from continuing to provide water and sewer service in those areas previously
 granted franchises.  
In
 an order dated August 18, 2006, the circuit court made the following rulings.  In
 the EFA action, the court ruled that because WRWSC had not named all franchise
 holders (the Towns of Stuckey, Andrews and Lake City) it could not rule on the
 validity of their franchises, nor could it declare the franchises null and void. 
 As to existing franchises, the circuit court denied WRWSCs motion for an
 injunction, finding WRWSC had not demonstrated irreparable harm and had an
 adequate remedy in an action for damages.  The circuit court did, however,
 enjoin County from any further encroachment into WRWSCs exclusive service
 area, with the exception of any projects currently underway, or projects for
 which funding had been obtained; the court also declined to order County or its
 franchisees to cease and desist from providing water and sewer services to any
 areas currently being served by County.  The circuit court declined to rule on
 WRWSCs contention that this Courts opinion in Williamsburg I should be
 applied retroactively.  
In
 the Condemnation Action, the Court denied WRWSCs request for a stay, finding
 the matter automatically stayed by the provisions of S.C. Code Ann. § 28-2-470
 (the Challenge Statute).   Lastly, the circuit dismissed from the Condemnation
 Action those municipalities named by WRWSC which may exercise eminent
 domain rights in the future (Andrews, Stuckey, and Lake City).   
This
 Court subsequently ordered the circuit court to rule on all remaining
 outstanding motions, and ordered the appeals be transferred to this Court.  
 
ISSUES
 ON APPEAL[3]

 1.  Did the circuit court err in refusing to stay the Condemnation and Challenge
 Actions?   
 2.  Did the circuit court err in dismissing the named municipalities (Town of Kingstree, Stuckey, Andrews, and Lake City) from its complaint? 
 
 3.  Did the circuit court err in striking WRWSCs causes of action for inverse
 condemnation and trespass from the challenge action complaint?   

1. 
 MOTION TO STAY AND PROJECTS UNDERWAY 
Initially,
 in the Challenge Action, WRWSC contends the circuit court erred in refusing to
 stay the Condemnation Action.  We disagree.  The circuit court properly held
 initiation of the Challenge Action operated as an automatic stay of the
 Condemnation Action.  S.C. Code Ann. § 28-2-470 (all proceedings under the
 Condemnation Notice are automatically stayed until the disposition of the
 action).  Accordingly, the circuit court did not need to stay the Condemnation
 Action.  
WRWSC
 asserts the circuit court erred in refusing to stay the Challenge Action
 pending resolution of the ESA.  We disagree.  We find the circuit courts order
 denying the stay is an interlocutory order, such that it is not immediately
 appealable.    Cf. Carolina Water Svc., Inc. v. Lexington County Joint Municipal Water Services, 373 S.C. 96, 644 S.E.2d 681 (2007); Edwards
 v. Suncom, 369 S.C. 91, 631 S.E.2d 529 (2006).[4]  
2. 
 DISMISSAL OF MUNICIPALITIES
WRWSC
 contends the Town of Kingstree, Town of Stuckey, Lake City and Town of Andrews are necessary parties to the Challenge Action under Rule 19, SCRCP, such that they
 were improperly dismissed from that action.  We disagree.
The
 Challenge Action was brought pursuant to S.C. Code 28-2-470 of the Eminent
 Domain Procedures Act, which states:
An
 action challenging a condemnors right to condemn must be commenced in separate
 proceedings filed in the court of common pleas in the county in which the
 property or a portion thereof is located.  The action must be commenced within
 thirty days after service of the Condemnation Notice upon the landowner.  All
 proceedings under the Condemnation Notice are automatically stayed until the
 disposition of the action, if any, unless the landowner and the condemnor
 consent otherwise.  No issues involving the condemnors right to condemn may be
 heard in the trial upon the issue of just compensation.   
WRWSC
 named as defendants Lake City, Kingstree, Stuckey, and Andrews, contending they
 have been issued franchises by County, and that the franchises are illegal and
 invalid.  None of these municipalities has instituted condemnation proceedings
 against WRWSC.  Accordingly, we agree with the circuit courts ruling that
 WRWSC may not name potential condemnors in a Challenge Action brought pursuant to
 the Eminent Domain Procedures Act.   Section 28-2-470 provides a very narrow
 cause of action for which the named municipalities were not necessary parties
 such that they were properly dismissed. 
3. 
 INVERSE CONDEMNATION AND TRESPASS
Finally,
 the circuit court held WRWSCs claims for trespass and inverse condemnation
 were not proper in the Challenge Action.   We agree.

 In Williamsburg
 I, we stated, 
 The
 statute does not state that the right to provide water and sewer services in
 the area identified by the not-for-profit company is exclusive.  In our view,
 the statutes silence is the strongest argument for interpreting § 33-35-90 to
 grant a non-exclusive right.  On the other hand, the statute gives the
 governmental body ninety days either to accept the not-for-profits offer to
 provide the services, or to decide to offer comparable services itself.  The
 purpose of the statute is to expedite the provision of these vital services to
 unserved areas; it encourages a not-for-profit corporation to step into a
 governmental void, but effectively gives the local government veto power,
 permitting it to trump the not-for-profits offer by making its own proposal
 within a short time period. . . . The purpose of the statute, to expedite the
 provision of water and sewer services to unserved areas, is frustrated by
 anything less than an exclusive right.  Cf. Johnston v. S.C. Dept of
 Labor, Licensing and Reg., 365 S.C. 293, 617 S.E. 2d 363 (2005) (statutes
 should be interpreted to further, not frustrate, legislatures intention).

Similarly,
 § 28-2-470 gives a condemnee thirty days in which to challenge the condemnors
 right to challenge.   Clearly, the purpose of such a requirement is to expedite
 the condemnation procedures of municipalities.   To permit a condemnee to
 attach multiple claims to a challenge action could cause more extensive
 litigation and serve to delay the challenge itself.   Accordingly, under the
 reasoning set forth in Williamsburg I, we find Judge Coopers properly
 dismissed WRWSCs claims for inverse condemnation and trespass. 
CONCLUSION
We
 find the trial court properly denied a stay of the Challenge Action and
 properly dismissed the municipalities as unnecessary parties to that action.  Further,
 WRWSCs claims for trespass and inverse condemnation were properly dismissed as
 they were unrelated to the Challenge Action.  We remand the Challenge Action to
 the circuit court for further proceedings.  Upon conclusion of the Challenge
 Action, if it is determined that County may proceed with the Condemnation
 Action, the circuit court is directed to proceed with that action.   The
 matters concerning the ESA appeal will be held in abeyance, pending resolution
 of the other actions.
AFFIRMED
 IN PART AND REMANDED.
TOAL,
 C.J., MOORE, PLEICONES and Acting Justice E. C. Burnett, III, concur. 

[1] 
 The EFA action lists County and the Town of Kingstree as defendants.
[2]  County had granted franchise rights to each of
 these municipalities during the interim.
[3]  
 WRWSC raises numerous issues regarding the ESA Action on appeal.   We decline,
 at the present time, to address those issues.   The appeal from the ESA Action
 is held in abeyance pending resolution of the Challenge Action on remand.        
[4] 
 To the extent WRWSC asserts the trial court erred in permitting County to
 continue with the Kingstree East and Sandridge Projects, this matter falls
 within the ambit of the ESA action, and is simply irrelevant to disposition of
 the Challenge Action, which is merely a contest of whether County has authority
 to condemn WRWSCs right to serve the area.  The ESA appeal is held in abeyance
 pending resolution of the other matters.